550 A.2d 880

Robert N. Gwiszcz *v.* City of Philadelphia and Consolidated Rail Corporation and Commonwealth of Pennsylvania, Department of Transportation. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued September 13, 1988, before President Judge CRUMLISH, JR., Judge SMITH, and Senior Judge NARICK, sitting as a panel of three.

*J. Matthew Wolfe,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellant, Department of Transportation.

*Donald Caruthers, III,* with him, *Gregory John Hannon, Brobyn & Forceno,* for appellee, Robert N. Gwiszcz.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 1, 1988:

The Department of Transportation (DOT) appeals a Philadelphia County Common Pleas Court order deny-

ing its motion for summary judgment. We quash the appeal as interlocutory.

Robert Gwiszcz lost control of his motorcycle on Delaware Avenue[1] in the city of Philadelphia, when the vehicle's front and rear wheels became lodged on either side of railroad tracks exposed by roadway ruts and potholes. As Gwiszcz approached a set of perpendicular tracks, he jumped off his motorcycle to avoid injury. Gwiszcz was then struck and injured by a hit-and-run motorist while attempting to retrieve his motorcycle.

In his complaint against DOT, Gwiszcz alleged that he lost control of his motorcycle due to DOT's negligence in failing to maintain the roadway.

DOT, in its motion for summary judgment, claimed that Gwiszcz failed to state a claim within one of the exceptions to sovereign immunity enumerated in the Judicial Code, 42 Pa. C. S. §8522(1)-(9). The common pleas court denied DOT's motion, concluding that material issues of fact remained.

On appeal DOT contends that as a matter of law, it was entitled to summary judgment based on immunity. Gwiszcz, however, maintains that the appeal should be quashed, because the denial of summary judgment is a non-appealable interlocutory order. 42 Pa. C. S. §762 (a); *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, 482 Pa. 615, 394 A.2d 491 (1978). DOT, in turn, responds that the denial of a summary judgment motion based on immunity is an appealable order under the collateral order doctrine. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).

---

[1] DOT admits that Delaware Avenue is a state highway; however, DOT contends that Conrail, in whose control the tracks lie, is responsible for injuries resulting from accidents occurring within its tracks on state highways. Section 204 of the State Highway Act of 1961, Act of September 18, 1961, P.L. 1389, *as amended,* 36 P.S. §1758-204. *Sculley v. City of Philadelphia,* 381 Pa. 1, 112 A.2d 321 (1955).

In *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975), our Supreme Court adopted the standard enunciated in *Cohen* for determining when interlocutory orders would be considered collateral and appealable. Such orders are deemed appealable if (a) the order is separable and collateral to the main cause of action; (b) the right involved is too important to be denied review; and (c) the issue is such that, if the resolution would be postponed until final judgment, it would be lost.

DOT relies on *Mitchell v. Forsyth*, 472 U.S. 511 (1985), to support its position that denial of summary judgment on immunity grounds is appealable; however, its reliance on *Mitchell* is misplaced. In that case, the grant of appeal was based on federal official immunity. Here, however, DOT's defense was based on the Commonwealth's sovereign immunity. In Pennsylvania, an immunity defense does not, in and of itself, entitle a litigant to appellate review of an interlocutory order. *See Urbano v. Menesses*, 288 Pa. Superior Ct. 103, 431 A.2d 308 (1981) (order overruling township solicitors' immunity-based preliminary objections did not meet the collateral order test and was quashed as interlocutory).

In this case, the issue upon which the common pleas court denied summary judgment is not separable from the main cause of action. In fact, the questions of whether DOT negligently failed to maintain the roadway, thereby causing Gwiszcz to be injured, and whether DOT or Conrail was responsible for the property are essential to the determination of liability.

Therefore, because DOT has not established that the common pleas court's order is an appealable interlocutory order under the collateral order doctrine, we need not address DOT's remaining arguments.

Accordingly, the appeal is quashed as interlocutory.

ORDER

The appeal in the above-captioned case is quashed as interlocutory.

Judge MACPHAIL did not participate in the decision in this case.