551 A.2d 667

Lucinda Hammond, Individually and in her official capacity as a Pennsylvania State Trooper; Corporal Ronald Prough, Supervising Officer of the Pennsylvania State Police, Individually and in his official capacity and Commonwealth of Pennsylvania, Pennsylvania State Police, Appellants *v.* Russell T. Thompson and Lois L. Thompson, his wife, Appellees.

Argued November 3, 1988, before Judges BARRY, COLINS and MCGINLEY, sitting as a panel of three.

*John G. Knorr, III,* Chief Deputy Attorney General, Chief, Litigation Section, with him, *LeRoy S. Zimmerman,* Attorney General, for appellants.

*Joseph M. Melillo, Angino & Rovner, P.C.,* for appellees.

OPINION BY JUDGE COLINS, December 19, 1988:

Trooper Lucinda Hammond and Corporal Ronald Prough of the Pennsylvania State Police (appellants) appeal an order of the Court of Common Pleas of Dauphin County which, on a nine-Count complaint against the appellants and the Pennsylvania State Police (State Police), granted the State Police's motion for judgment on the pleadings and granted partial summary judgment in favor of the appellants with respect to Counts 1, 2, and

8 of the complaint. The Court of Common Pleas denied the appellants' motion for summary judgment on the remaining Counts. Appellees' motion to quash the subsequent appeal is now before the Court.

This suit alleging civil rights violations and various intentional torts was instituted by Russell T. and Lois L. Thompson (appellees) in November of 1985. In 1980, Russell Thompson was employed as a police officer for the Borough of Carlisle. At the request of the Carlisle Chief of Police, the State Police began an undercover investigation of appellee. Appellant Hammond was assigned to work the case and become acquainted with Thompson. The two met about ten times between 1980 and 1981. The topic of their discussions was usually drug-related and appellee Thompson's purported ability to obtain the same. After 10 months of the investigation with Trooper Hammond constantly requesting that Thompson provide her with drugs, Thompson provided Hammond with 4.5 grams of marijuana.

Appellant Prough recommended that drug charges not be filed against Thompson. However, the District Attorney for Dauphin County disagreed and appellee Thompson was arrested on May 1, 1981, and charged with unlawful delivery of a controlled substance and conspiracy. Appellee Thompson raised the defense of entrapment in his pretrial motions and at trial, but was convicted by a jury. His post-trial motions were denied. However, on appeal to the Superior Court, a 2-to-1 majority held that there had been entrapment as a matter of law. *Commonwealth v. Thompson*, 335 Pa. Superior Ct. 332, 484 A.2d 159 (1984).

As a result of the drug arrest, the Borough of Carlisle terminated appellee as a police officer. In October of 1981, Thompson was rehired by the Borough of Carlisle in a non-police capacity. In 1982, he was arrested and convicted in Dauphin County on the charge of so-

liciting a prostitute. As a result of this conviction, appellee Thompson did not seek reinstatement to the Borough of Carlisle Police Department, but only sought back-pay from the period of May to October, 1981. After the disposition of the appellee's criminal charges, the Civil Service Commission held a hearing in which it denied Thompson's appeal, finding that there was just cause for his dismissal from the force. Thompson did not appeal this decision.

The first two Counts of appellees' nine-Count complaint alleged civil rights violations. These two Counts were removed to the Federal District Court for the Middle District of Pennsylvania. The remaining Counts (3 through 9) were remanded to the Court of Common Pleas of Dauphin County. Summary judgment was granted to Counts 1 and 2 by the District Court on the basis that the appellees' conduct did not amount to due process violations.[1] This was affirmed by the Third Circuit Court of Appeals[2] and the United States Supreme Court denied certiorari.[3] The appellees reasserted Counts 1 and 2 in state court on their complaint and all nine Counts proceeded before the trial court. When the pleadings were closed, the appellants moved for summary judgment on the basis of immunity. Furthermore, the State Police moved for judgment on the pleadings on the ground of sovereign immunity. The appellees did not oppose the appellants' motion with respect to Counts 1, 2, and 8, and they did not oppose the motion of the State Police at all. Judgment on the pleadings was granted on May 16, 1988, for the State Police on all

---

[1] *Thompson v. Hammond*, (No. 85-1807, M.D. Pa., filed Jan. 7, 1987).

[2] *Thompson v. Hammond*, (No. 87-5103, 3rd Cir., filed Nov. 2, 1987).

[3] *Thompson v. Hammond*, 106 S.Ct. 1026 (1988).

Counts and summary judgment for the appellants was granted on Counts 1, 2, and 8.

The appellants are seeking review of a denial of summary judgment, the denial of which is an interlocutory order and, thus, not appealable. *Gwiszcz v. City of Philadelphia*, 121 Pa. Commonwealth Ct. 376, 550 A.2d 880 (1988); *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, 482 Pa. 615, 394 A.2d 491 (1978). *See also* Pa. R.A.P. 311.

The appellants argue that this matter is appealable under the Collateral Order Doctrine of *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). Furthermore, the appellants rely on *Mitchell v. Forsythe*, 472 U.S. 511 (1985), for the legal premise that the denial of a claim of official immunity is a collateral order which is immediately appealable. This same argument was advanced in *Gwiszcz*, and we held that, "[i]n Pennsylvania, an immunity defense does not, in and of itself, entitle a litigant to appellate review of an interlocutory order." *Id.* at 379, 550 A.2d at 881.

Therefore, because the appellants have not established that the trial court's order is an appealable interlocutory order under the Collateral Order Doctrine, the appellees' motion to quash is hereby granted.

## ORDER

AND NOW, this 19th day of December, 1988, the appellees' motion to quash in the above-captioned matter is hereby granted.