552 A.2d 1169

Julita Rizos McKinney, Individually and as Administratrix of the Estate of Celina R. Duran *v.* City of Philadelphia, Commonwealth of Pennsylvania, Department of Transportation and Southeastern Pennsylvania Transportation Authority and Francis J. Posselt and Joan C. Posselt. City of Philadelphia, Appellant.

Argued September 13, 1988, before President Judge CRUMLISH, JR., Judge SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Alan C. Ostrow,* Assistant City Solicitor, with him, *Seymour Kurland,* City Solicitor, *Norma S. Weaver,* Chief Deputy in Charge of Claims, and *Barbara R. Axelrod,* for appellant.

*Edward H. Rubenstone, Groen, Laveson, Goldberg & Rubenstone,* for appellee.

OPINION BY JUDGE SMITH, January 26, 1989:

Appellant, City of Philadelphia (City), appeals from the February 3, 1988 order of the Court of Common Pleas of Philadelphia County which denied Appellant's Motion for Judgment on the Pleadings in a negligence action filed by Appellee seeking damages arising out of the death of her daughter on May 22, 1985.

Questions presented are essentially whether governmental immunity under the Judicial Code, 42 Pa. C. S. §§8541-8564, bars recovery against the City for its failure to install traffic control devices or to design or maintain a traffic control signal to permit a pedestrian to cross an intersection before the light turns red; and whether Appellee's failure to timely and specifically deny the City's factual averments in its new matter constitutes an admission which bars recovery.

Appellee filed a motion to quash the City's appeal contending that it is interlocutory and therefore unappealable as of right and that the City has failed to meet the standards for interlocutory review. The trial court states in its one-page opinion that the City filed a motion for judgment on the pleadings which was denied on February 3, 1988 and that the denial of a motion for summary judgment[1] is not a final order which is appealable under Pa. R.A.P. 341 nor is it appealable as of right under Pa. R.A.P. 311. The trial court further held that the motion and responses thereto clearly show that issues of fact remained to be resolved.

---

[1] The City argues that the trial judge erred in misidentifying the City's motion and thus failed to confine himself to the pleadings only. The trial court's February 3, 1988 order and opinion refer to the City's filing of a motion for judgment on the pleadings. A review of the record indicates that the trial court did in fact review the pleadings only in disposing of the City's motion. The trial court's reference to a motion for summary judgment appears to be a mere oversight and does not constitute error as contended by the City.

Appellee filed a complaint on August 1, 1986 in which she alleged that the City was liable for the death of her child due to the unsafe and dangerous operating condition of traffic controls installed by the City at the intersection where Appellee's deceased child was struck by a vehicle. Appellee alleged that the City failed to provide pedestrians with sufficient time to safely cross Roosevelt Boulevard. The City, after the close of pleadings, filed its motion for judgment on the pleadings raising factual and procedural issues[2] as well as the city's immunity from suit on the premise that the City could not be held liable for failure to erect traffic controls. The City filed its appeal before this Court on February 23, 1988 from the trial court's denial of the motion but failed to file a petition for permission to appeal or secure a trial court order containing a statement of jurisdiction of an appellate court. *See* Section 702(b) of the Judicial Code, 42 Pa. C. S. §702(b); *Casani v. Lincoln Bank,* 292 Pa. Superior Ct. 90, 436 A.2d 1019 (1981).

Appellee correctly argues that the trial court's order denying Appellant's motion for judgment on the pleadings is interlocutory and not appealable to this Court. *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.,* 482 Pa. 615, 394 A.2d 491 (1978). An interlocutory appeal to this Court is not permitted absent permission by this Court and compliance with Pa. R.A.P. 1311 which requires that an interlocutory order contain the statement prescribed by 42 Pa. C. S. §702(b) which states:

> (b) Interlocutory appeals by permission.——
> When a court or other government unit, in making an interlocutory order in a matter in which its

---

[2] The City asserted, *inter alia,* that due to Appellee's untimely filing of her reply to the City's new matter, Appellee admitted the averment that decedent was on the medial island when the light facing her turned red to support the City's defenses of assumption of risk and contributory negligence.

> final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

The trial court's order clearly failed to contain a Section 702(b) statement, and in fact, the trial court's opinion specifically stated that the denial of Appellant's motion was not a final appealable order nor an interlocutory appeal as of right.

In *Department of Transportation v. Gwiszcz,* 121 Pa. Commonwealth Ct. 376, 550 A.2d 880 (1988),[3] this Court quashed an appeal as interlocutory from the trial court's denial of a motion for summary judgment in a lawsuit seeking damages against the Department due to its negligent failure to maintain a roadway. The Department argued that the claim did not fall within one of the enumerated exceptions to sovereign immunity under Section 8522(1)-(9) of the Judicial Code, 42 Pa. C. S. §8522(1)-(9); and that the order was appealable under the collateral order doctrine, relying upon *Mitchell v. Forsyth,* 472 U.S. 511 (1985).

In response to the Department's arguments, this court held in *Gwiszcz* that an immunity defense does not entitle a litigant to appellate review of an interlocutory order, citing *Urbano v. Meneses,* 288 Pa. Superior Ct. 103, 431 A.2d 308 (1981). In *Urbano* the appeal was

---

[3] *See also Bollinger v. Obrecht,* 122 Pa. Commonwealth Ct. 562, 552 A.2d 359 (1989).

quashed as interlocutory because the trial court order did not meet the collateral order test enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). Under *Cohen,* the order must be separable and collateral to the main cause of action; the right involved is too important to be denied relief; and the issue would be lost if resolution were postponed until final judgment. The instant record clearly demonstrates that the order from which the City appealed is interlocutory in nature and that the City has failed to otherwise establish its appealability. The remainder of the factual and procedural issues raised by the City will therefore not be addressed.

Accordingly, Appellee's motion to quash the appeal is granted, and the City's appeal is quashed as interlocutory.

## ORDER

AND NOW, this 26th day of January, 1989, the Appellee's motion to quash appeal is granted, and the appeal filed by the City of Philadelphia from the February 3, 1988 order of the Court of Common Pleas of Philadelphia County is hereby quashed as interlocutory.

Judge MACPHAIL did not participate in the decision in this case.