554 A.2d 188

Marcia Horowitz, Executrix of the Estate of Neil Horowitz, and Marcia Horowitz, in her own right *v.* Cheltenham Township and Abington Township. Abington Township, Appellant.

Argued December 12, 1988, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Christine M. Mooney,* with her, *Charles W. Craven, Marshall, Dennehey, Warner, Coleman and Goggin,* for Abington Township, appellant.

*Ezra Wohlgelernter, Feldman, Shepherd & Wohlgelernter,* for appellee.

*M. Kelly Tillery, Leonard, Tillery & Davison,* for Cheltenham Township Police Department.

*Dennis L. Platt,* for Cheltenham Township.

OPINION BY JUDGE COLINS, February 23, 1989:

Abington Township (appellant) appeals the order of the Philadelphia County Court of Common Pleas (trial

court) which denied appellant's motion for summary judgment. We quash this appeal.

On February 24, 1985, at approximately 6:55 p.m., Neil Horowitz (decedent) was killed when his westbound car collided with an abandoned truck which was left in the inside westbound lane of Cottman Avenue. The decedent's wife, Marcia Horowitz (appellee) subsequently instituted a wrongful death and survival action in her own right and as the Executrix of her husband's estate against the City of Philadelphia, Cheltenham Township and their respective police departments. On February 24, 1987, Cheltenham Township joined appellant and its police department to the action as additional defendants. Appellee alleges negligence on the part of the named defendants in failing to remove the abandoned vehicle from the roadway, and otherwise failing to take active measures to insure the safety of passing motorists from the danger presented by the abandoned vehicle.

Cottman Avenue is the territorial dividing line between Cheltenham Township and the City of Philadelphia. The accident in question occurred on the westbound lane of Cottman Avenue, allegedly within the territorial limits of the City of Philadelphia. Although the abandoned vehicle was located in Philadelphia County, the police departments of both appellant and Cheltenham Township received calls concerning the abandoned vehicle on February 23, 1985, and February 24, 1985.

The police departments of both Townships dispatched officers to the scene of the abandoned vehicle. These officers concluded that the vehicle was within the territorial limits of the City of Philadelphia and, therefore, took no action to remove the vehicle from the roadway. The officers did, however, place 30-minute flares behind the abandoned vehicle before leaving the scene.

The record reflects that the officers from both appellant's and Cheltenham Township's police departments, who were dispatched to the location of the abandoned vehicle, notified their respective headquarters that the vehicle was located in Philadelphia County and requested the dispatcher to apprise the Philadelphia Police Department of the vehicle's presence. The Philadelphia Police Department failed to act upon the calls received concerning the abandoned vehicle and, in the early evening of February 24, 1985, the abandoned vehicle had still not been removed from Cottman Avenue. As a result, at 6:55 p.m., February 24, 1985, decedent struck the abandoned vehicle from behind.

Following discovery, appellant filed a motion for summary judgment on March 2, 1988, claiming that it was entitled to judgment as a matter of law because the claims asserted against it were barred by what is commonly referred to as the Political Subdivision Tort Claims Act (Act), 42 Pa. C. S. §§8541-8564. Appellant argued that the claims asserted by appellee did not fit within any of the enumerated exceptions to the immunity afforded by the Act. In addition, appellant argued that summary judgment should be granted since its immunity afforded it the right not to go to trial. On May 19, 1988, the trial court denied appellant's motion for summary judgment. Thereafter, appellant filed a notice of appeal to this Court.

Appellant now argues the trial court's denial of its summary judgment motion is an appealable issue under the collateral order doctrine espoused in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949) and adopted by the Pennsylvania Supreme Court in *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). Accordingly, appellant asserts that it is entitled to summary judgment based on immunity as a

matter of law. Appellee, on the other hand, argues that appellant is liable pursuant to Section 8542(b)(1) of the Act, 42 Pa. C. S. §8542(b)(1) (injury caused by the operation of any motor vehicle in the possession or control of the local agency) and Section 8542(b)(4) of the Act, 42 Pa. C. S. §8542(b)(4) (dangerous conditions of traffic controls).

The standards set forth in *Cohen*, for determining whether an interlocutory order is collateral and, therefore, appealable are: (1) the order must be separable and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the issue is such that if the resolution would be postponed until final judgment, it would be lost.

The instant matter is nearly identical to *Gwiszcz v. City of Philadelphia*, 121 Pa. Commonwealth Ct. 376, 550 A.2d 880 (1988). In *Gwiszcz*, the Department of Transportation (DOT), like appellant, claimed that Gwiszcz failed to state a claim within one of the exceptions to sovereign immunity and, therefore, DOT was entitled to summary judgment. However, the trial court denied DOT's motion and DOT appealed. This Court held that the issue upon which the trial court denied summary judgment was not separable from the main cause of action, since questions of DOT's negligence and who was responsible for the roadway at issue were essential to the determination of liability. *See also Hammond v. Thompson*, 122 Pa. Commonwealth Ct. 223, 551 A.2d 667 (1988); *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.*, 482 Pa. 615, 394 A.2d 491 (1978). *See also* Pa. R.A.P. 311.

Similarly, in the case *sub judice*, the issue upon which summary judgment was denied is not separable from the main cause of action. Questions of whether appellant negligently failed to remove the abandoned vehicle after

taking some precautionary measures and whether the 30-minute flares placed behind the vehicle constituted a dangerous condition of traffic controls are essential to the determination of liability. Moreover, appellant will not lose its right to assert sovereign immunity if its motion for summary judgment is quashed. Appellant may raise sovereign immunity as an affirmative defense to appellee's action. Accordingly, appellant will not be irreparably harmed if it is ordered to litigate this case.

Accordingly, appellant's appeal is quashed as interlocutory.

### ORDER

AND NOW, this 23rd day of February, 1989, the appeal of Abington Township in the above-captioned matter is hereby quashed as interlocutory.