CAROL A. BROWN, M.D., Plaintiff–Appellee, v. **DONALD WONG; CLYDE VIERRA; FRANKLIN Y.K. SUNN; EARL MOTOOKA; THE STATE OF HAWAII; DEPARTMENT OF HUMAN SERVICES,** formerly the Department of Social Services and Housing of the State of Hawaii, Defendants–Appellants, and **JOHN DOES 1 through 10; DOE CORPORATIONS 1 through 10;** and **DOE UNINCORPORATED ASSOCIATIONS, INCLUDING PARTNERSHIPS 1 through 10,** Defendants

NO. 14316

(CIV. NO. 88–2370–07)

JULY 20, 1990

LUM, C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF MOON, J., DISQUALIFIED

## OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State of Hawaii (State) and the Department of Human Services (DHS) (collectively State) from an order denying in part a motion for judgment on the pleadings or alternatively for summary judgment. No interlocutory appeal was allowed to the State, but it nevertheless contends that we have jurisdiction, under the collateral order rule, because any order denying a motion which is based upon the doctrine of sovereign immunity is immediately appealable. Appellee has not contested jurisdiction. Nevertheless, we disagree with the State's contention, and hold, *sua sponte*, that an order denying a pre–trial motion based upon the doctrine of sovereign immunity is not a collateral order and is, therefore, not a final judgment which is appealable.

The complaint in this case, which is prolix, was filed on July 29, 1988.

A deputy attorney general, on behalf of all the defendants, filed an answer raising 18 separate defenses including sovereign immunity, statute of limitations and estoppel, as well as almost every other defense which can be found in the form books.

On July 12, 1989, a deputy attorney general filed a motion for judgment on the pleadings or in the alternative, for summary judgment. The motion itself did not specify the grounds under which it was sought, but attached thereto was a 61–page memorandum, prefaced by a 2–page table of contents, and an 8–page table of authorities. The motion was also accompanied by an affidavit and exhibits and a notice of hearing and certificate of service, which totaled an additional 292 pages of the record. On March 7, 1990, the court below entered an order, which apparently was drafted by

the deputy attorney general, granting the motion in part, but denying it in part.

Paragraph 19 of the order read:

> Count II, the "Breach of Contracts" claim, which is pleaded against Defendants State and DHS, states a claim for relief against the State entities and will not be dismissed.

The State seeks to appeal that ruling.

HRS § 661–1(1) grants jurisdiction to the circuit courts of the State to determine questions of fact involved with respect to "[a]ll claims against the State founded upon . . . any contract, express or implied, with the State[.]"

The State's complex, and lengthy, memorandum below, in support of its motion, argued many points *in extensio*. The portion devoted to Count II, and the claim of sovereign immunity, covered two pages plus three lines. The argument made below, as best we can understand it, was that the appellee's claims were really tort claims, not contract claims, and that because appellee had joined tort claims with the contract claim in her complaint, she was prohibited by HRS § 661–3 from pursuing the contract claim.

As noted, the court below held that a claim for relief had been stated. We take this to mean that the complaint adequately stated a contract claim within HRS Chapter 661.

On appeal, the State additionally contends that appellee's claim is barred by collateral estoppel, by refusal to stipulate to the dismissal of the claims against the other defendants, and by the statute of limitations.

We are aware that some federal courts have treated denials of pre–trial motions for judgment based on sovereign immunity as collateral orders, and that there is much authority, in other states, to the same effect. On the other hand, decisions in Pennsylvania, *Gwiszcz v. City of Philadelphia*, 121 Pa. Commw. 376, 550 A.2d

880 (1988), and Florida, *State Road Dep't v. Brill*, 171 So. 2d 229 (Fla. 1964), have held that such orders are not appealable.

We have a long standing policy against piecemeal appeals. It is obvious that, in cases brought under HRS Chapters 661 and 662, there will often be factual issues which determine whether or not the case falls within the waivers of sovereign immunity set forth in those chapters. Unless the circuit court grants summary judgment, such issues are appropriately disposed of by trial.

The arguments made by the deputy attorney general in the State's brief in this case, urging, among other defenses, estoppel and a statute of limitations as bases for sovereign immunity, illustrate, very clearly, that the State, in every case, could seek to use the claim of sovereign immunity as a vehicle for having numerous genuine material factual issues reviewed on appeal, despite a denial of summary judgment. Piecemeal appeals in cases where the State was involved would become routine.

We perceive of no reason why the State, like any other party, should not be required to establish, by summary judgment, the non–existence of genuine issues of material fact, or be required, failing that, to proceed to trial.

The power of the circuit judges, in their discretion, to order separate trials of particular issues under Hawaii Rules of Civil Procedure (HRCP) 42(b) should protect the State, as it does other litigants, from vexatious trials of many issues, where only one is really in dispute.

We also perceive of no reason why the State, unlike any other party, should be able to take an appeal, as of right, from an order holding that a claim for relief has been stated.

If the dispositive issue is legal only, the power of the circuit judges, in their discretion, to grant interlocutory appeals under HRS § 641–1(b) should equally be adequate to protect the State.

But where, the State, by a shotgun answer, chooses to raise a plethora of defenses both factual and legal, and the circuit court

does not allow an interlocutory appeal from a pre–trial motion for the State for judgment, such order is neither final, nor appealable.

In addition, we note that the State did not raise below several of the factual issues it wants adjudicated on appeal in this case. The belated attempt, on appeal, to have summary judgment with respect to factual issues, which were not presented to, or disposed of, by the court below, is an additional reason why this appeal should be dismissed.

We hold that a pre–trial order denying a motion to dismiss or for judgment on the pleadings or for summary judgment, on the basis of sovereign immunity, is not a collateral order, final in nature, and appealable in actions brought against the State under HRS Chapters 661 and 662. Accordingly, we dismiss the appeal.

*Steven S. Michaels*, Deputy Attorney General, on the briefs for appellants.

*R. Steven Geshell* on the brief for appellee.