**Electronically Filed
Supreme Court
SCWC-15-0000034
22-FEB-2016
09:58 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

MARK H. K. GREER, Respondent/Plaintiff-Appellee,

vs.

ROSALYN H. BAKER, Petitioner/Defendant-Appellant,

and

STATE OF HAWAI'I, Respondent/Defendant-Appellee.

SCWC-15-0000034

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000034; CIV. NO. 14-1-2004-09)

FEBRUARY 22, 2016

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY RECKTENWALD, C.J.

## I. Introduction

This case arises from a lawsuit filed by Mark H. K.
Greer, the former Chief of the General Medical & Preventative
Services Division at the Hawai'i State Department of Health (DOH).
On September 23, 2014, Greer filed a non-vehicle tort complaint
in the Circuit Court of the First Circuit against the State of

Hawaiʻi and Senator Rosalyn H. Baker. Greer's complaint alleged that Baker eliminated his position in retaliation for whistleblowing activities. Greer raised three claims for relief: Count I--violation of the Hawaiʻi Whistleblowers Protection Act (HWPA) (Hawaiʻi Revised Statutes (HRS) § 378-61 to 378-70); Count II--intentional infliction of emotional distress (IIED); and Count III--negligent infliction of emotional distress (NIED).

Baker moved to dismiss the Complaint on the grounds that: (1) she is immune from suit based on legislative immunity; (2) the claims were untimely under the applicable statute of limitations; and (3) the Complaint failed to state a claim upon which relief can be granted. Following a hearing,[1] the circuit court denied the motion to dismiss based on legislative immunity. The court granted Baker's motion as to the HWPA and NIED claims, but denied it as to the IIED claim.

Baker appealed to the Intermediate Court of Appeals from the circuit court's order granting in part and denying in part her motion to dismiss. Baker asserted that, based on Abercrombie v. McClung, 54 Haw. 376, 507 P.2d 719 (1973), the order was an immediately appealable final order to the extent it

---

[1] The Honorable Rhonda A. Nishimura presided.

denied her defense of legislative immunity. The ICA dismissed the appeal for lack of appellate jurisdiction, concluding that the final judgment requirement set forth in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 869 P.2d 1334 (1994), overruled Abercrombie, and that no exceptions for appealability were satisfied. Baker timely petitioned this court for a writ of certiorari to review the ICA's judgment.

We conclude that the ICA has jurisdiction to hear Baker's appeal because the circuit court's order is an immediately appealable collateral order. The denial of Baker's absolute legislative immunity claim conclusively determined the disputed question, resolved an important issue separate from the merits of the action, and would be effectively unreviewable on appeal. See Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998). We therefore vacate the ICA's order dismissing Baker's appeal for lack of jurisdiction, and remand to the ICA for determination of the appeal on the merits.

## II. Background

## A. Circuit Court Proceedings

On September 23, 2014, Greer, the former Chief of the General Medical & Preventative Services Division at DOH, filed a non-vehicle tort complaint in the circuit court against the State

and Baker. Baker is the Senator for the Sixth State Senate District (South and West Maui).

The Complaint alleged that Baker introduced a budget amendment to eliminate Greer's position in retaliation for his whistleblowing activities regarding Medicaid fraud. The Complaint further alleged that Baker, outside her legislative capacity, colluded with the head of the DOH to have him fired.

Greer's Complaint raised three claims for relief: Count I--violation of the HWPA (Hawaiʻi Revised Statutes (HRS) § 378-61 to 378-70); Count II-IIED; and Count III–NIED.

Baker subsequently filed a Motion to Dismiss the Complaint based primarily on legislative immunity. Baker also moved to dismiss the HWPA claim on statute of limitations grounds and because Baker was not Greer's employer. Further, Baker moved to dismiss the IIED and NIED claims based on the applicable statute of limitations and the lack of an underlying cognizable claim.

By order entered on December 24, 2014, the circuit court granted in part and denied in part the motion to dismiss. As pertinent to the issue before this court, the circuit court denied Baker's motion to dismiss based on legislative immunity. The circuit court ruled as follows:

4

1.    Defendant Baker's claim of legislative immunity is denied.

2.    Defendant Baker's claim that the statute of limitations has expired is denied.

3.    Count I based on violation of HRS § 378-62, the Hawaiʻi Whistleblowers Protection Act ("HWPA"), is dismissed as against Defendant Baker because Defendant Baker was not Plaintiff's employer.  Count I remains against the State.

4.    Count II based on intentional infliction of emotional distress ("IIED") is not dismissed against either Defendant Baker and the State.

5.    Count III based on NIED is dismissed as against Defendant Baker, but remains against the State. Plaintiff has alleged an underlying cognizable claim against the State in Count I, based on the violation of the HWPA.

In sum, the IIED claim is the only remaining claim against Baker.  All three claims remain against the State.

In response to the court's ruling, Baker filed a motion for leave to file interlocutory appeal and for stay pending appeal pursuant to HRS § 641-1(b).[2]  While Baker's motion was pending, Baker filed a notice of appeal from the court's order granting in part and denying in part Baker's motion to dismiss.

---

[2]    HRS § 641-1(b) (Supp. 2014) provides:

Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it.  The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

The court denied Baker's motion for leave, ruling that the interlocutory appeal would not result in the speedy termination of the litigation for "all parties."

**B.   ICA Appeal**

Baker filed a statement of jurisdiction with the ICA, asserting that the December 24, 2014 interlocutory order was an appealable final order to the extent it denied her defense of legislative immunity based on Abercrombie, 54 Haw. at 380-81, 507 P.2d at 721-22 (denial of motion for summary judgment based on legislative immunity was final and appealable).  Baker noted that "cases from around the country show that a denial of legislative immunity . . . is immediately appealable[.]"  A number of Baker's cited cases relied on the collateral order doctrine.

Greer's jurisdictional statement argued that his Complaint alleged behavior outside the exercise of Baker's legislative functions and, therefore, the actions alleged in the Complaint are not afforded the protection of immediate appellate review established by Abercrombie.  Greer did not argue that Abercrombie was overruled or did not apply.

After the opening brief was filed but before the answering and reply briefs, the ICA, by a 2-1 majority, dismissed the appeal for lack of appellate jurisdiction.  Greer v. Baker, No. CAAP-15-34 (App. May 26, 2015) (Order).  The majority noted

that Abercrombie did not cite any statutory authority to support its holding regarding appellate jurisdiction, thereby suggesting that the Hawaiʻi Supreme Court may have invoked jurisdiction through the court's supervisory powers, which does not confer jurisdiction on the ICA.

The majority then went on address the final judgment requirement set forth in Jenkins, 76 Hawaiʻi 115, 869 P.2d 1334, suggesting that it overruled Abercrombie. It concluded that under Jenkins, absent an appealable final judgment, HRS § 641-1(a)[3] did not entitle Baker to appellate review of the order denying her legislative immunity claim. Greer, Order at 7-8. The majority also concluded that the order did not qualify as an appealable final order under any of the exceptions to the separate judgment rule: the Forgay doctrine, under Forgay v. Conrad, 47 U.S. 201 (1848), the collateral order doctrine, or HRS § 641-1(b). Greer, Order at 8-9.

In her dissent, Associate Judge Katherine Leonard opined that the Abercrombie case was on point and binding on the ICA, and therefore she would allow the appeal to proceed. Greer, Order at 10.

---

[3] HRS § 641-1(a) (Supp. 2014) provides that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees . . . ."

### III.  Standard of Review

"The existence of jurisdiction is a question of law that [the appellate court reviews] de novo under the right/wrong standard."  Captain Andy's Sailing, Inc., v. Dep't of Land & Natural Res., State of Hawaiʻi, 113 Hawaiʻi 184, 192, 150 P.3d 833, 841 (2006) (internal quotation marks and citation omitted).

### IV.  Discussion

The issue before this court is whether a denial of a motion to dismiss on grounds of absolute legislative immunity is immediately appealable.  We hold that it is.[4]

### A.  Framework for Filing an Appeal

There is no common law right to appeal.  "The right to appeal is purely statutory, and exists only when given by some constitutional or statutory provision."  Lingle v. Haw. Gov't Employees Ass'n, 107 Hawaiʻi 178, 184, 111 P.3d 587, 593 (2005). To avoid piecemeal litigation of every ruling, statutory rights to appeal generally require a final disposition of the action.  See Mitchell v. State Dep't of Educ., 77 Hawaiʻi 305, 308, 884 P.2d 368, 371 (1994).  There are specific exceptions, including certain judgments, orders, and decrees that are deemed final and

---

[4] Baker argues in the alternative that this court should exercise supervisory jurisdiction pursuant to HRS §§ 602-4 and 602-5.  In view of our disposition of this appeal, we do not address this argument.

appealable when they are entered, and interlocutory appeals as provided by statute.

## 1. The separate judgment rule

HRS § 641-1(a) authorizes appeals to the Hawaiʻi Intermediate Court of Appeals from "<u>final</u> judgments, orders or decrees of circuit and district courts[.]" (Emphasis added). Appeals under HRS § 641-1(a) "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c) (Supp. 2014). Hawaiʻi Rules of Civil Procedure (HRCP) Rule 54(a) (2000) defines "judgment" as follows: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings." HRCP Rule 58 (2010), the so called "separate judgment rule," provides in part that, "[e]very judgment shall be set forth on a separate document."

In <u>Jenkins</u>, this court explained that "[t]he separate document provision was added to HRCP [Rule] 58 . . . and has been generally ignored by practitioners and circuit courts alike." 76 Hawaiʻi at 118, 869 P.2d at 1337. We held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Id.</u> at 119,

869 P.2d at 1338. The requirement that a judgment be memorialized in a separate document cannot be waived. Id. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008).

### 2. Exceptions to the separate judgment rule

There are a number of exceptions to the separate judgment rule that permit an appeal prior to the final resolution of all of the issues in the case. Many of these exceptions are statutory, such as HRS § 641-1(b) (Supp. 2014), which authorizes an appeal from an interlocutory order if the appellant obtains the express permission of the circuit court "whenever the circuit court may think the same advisable for the speedy termination of the litigation before it." A refusal to grant an application for interlocutory appeal is not reviewable by any other court. HRS § 641-1(b).

There are two common law exceptions to the separate judgment rule. First, the collateral order doctrine authorizes an appeal from an order that (1) conclusively determines a disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. See Abrams, 88 Hawaiʻi at 322, 966

10

P.2d at 634.  Second, the Forgay doctrine authorizes an appeal from (1) a judgment for immediate execution against an interest in real property that is (2) effectively unreviewable on appeal from a final judgment, even if all other claims of the parties have not been finally resolved.  See, e.g., Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (allowing an appeal based on Forgay).

**B.    The Collateral Order Doctrine**

The ICA majority, citing to Abrams and Brown v. Wong, 71 Haw. 519, 523, 795 P.2d 283, 285 (1990), concluded that the circuit court's order did not satisfy the requirements for appealability under the collateral order doctrine.  We disagree, and conclude that denials of absolute legislative immunity meet the three-part collateral order test as described by this court in Abrams, 88 Hawaiʻi at 322, 966 P.2d at 634.  Consequently, the ICA has jurisdiction to hear Baker's appeal.

In Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), the United States Supreme Court explained an interpretation of the finality requirement in 28 U.S.C. § 1291[5]

---

[5]    28 U.S.C. § 1291 provides:

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal

(continued...)

11

that has come to be known as the collateral order doctrine. Appeals are allowed from orders characterized as final under this doctrine even though it may be clear that they do not terminate the action or any part of it.  See 15A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3911 (2d ed. 1987).

This court first applied the collateral order doctrine in MDG Supply, Inc. v. Diversified Invs., Inc., 51 Haw. 480, 481-82, 463 P.2d 530, 531-32 (1969).  Since then, we have continued to rely on the doctrine to exercise appellate jurisdiction over certain appeals that are neither a final judgment nor have been allowed by the circuit court as interlocutory appeals under HRS § 641(b).  See, e.g., Ass'n of Owners of Kukui Plaza v. Swinerton & Walberg Co., 68 Haw. 98, 107, 705 P.2d 28, 35 (1985) (orders compelling or denying arbitration); Knauer v. Foote, 101 Hawai'i 81, 85, 63 P.3d 389, 393 (2003) (orders expunging a lis pendens). We have explicitly recognized the collateral order doctrine as an exception to the separate judgment rule.  See Jenkins, 76 Hawai'i

---

[5](...continued)
Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.  The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

at 117 n.1, 869 P.2d at 1336 n.1 ("This opinion is not intended to apply to . . . appealable collateral orders."); Lambert v. Teisina, 131 Hawaiʻi 457, 461 n.8, 319 P.3d 376, 380 n.8 (2014) (noting that the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b) are "[e]xceptions to the separate, final judgment requirement").

1. **The denial of Baker's absolute immunity claim is an immediately appealable collateral order**

"The collateral order doctrine involves a three-part test, all elements of which must be met in order to invoke appellate jurisdiction." Abrams, 88 Hawaiʻi at 322, 966 P.2d at 634. The order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." Id. (quoting Siangco v. Kasadate, 77 Hawaiʻi 157, 161, 883 P.2d 78, 82 (1994)).

Hawaiʻi appellate courts will "construe the collateral order doctrine narrowly and be parsimonious in its application." Siangco, 77 Hawaiʻi at 162, 883 P.2d at 83. As we observed in Abrams, the majority of cases in this jurisdiction regarding the collateral order doctrine "have determined that the interlocutory order is not appealable." 88 Hawaiʻi at 321 n.4, 966 P.2d at 634 n.4 (emphasis in original). In addition, the appeal of a

13

collateral order brings up for review only that order or the orders that collectively led to entry of the collateral order appealed. Cook v. Surety Life Ins. Co., 79 Hawaiʻi 403, 409, 903 P.2d 708, 714 (App. 1995).

Notably, Baker's defense is one of absolute immunity.[6] The nearly unanimous view across the nation is that a denial of absolute immunity falls squarely under the collateral order doctrine. See 15A Wright & Miller, Federal Practice and Procedure § 3911.3 n.6 (collecting cases). Hawaiʻi state legislators enjoy legislative immunity under article III, section 7 of the Hawaiʻi Constitution, which provides: "No member of the legislature shall be held to answer before any other tribunal for any statement made or action taken in the exercise of the member's legislative functions . . . ." We have held that this legislative immunity is absolute. See Seibel v. Kemble, 63 Haw. 516, 521-22, 631 P.2d 173, 177 (1981) ("Legislators also have been accorded absolute immunity for actions taken within the scope of their duties.")

---

[6] Compare Black's Law Dictionary 867 (10th ed. 2014) (Absolute immunity is "[a] complete exemption from civil liability, usu. afforded to officials while performing particularly important functions, such as a representative enacting legislation and a judge presiding over a lawsuit"), with id. at 868 (Qualified immunity is "[i]mmunity from civil liability for a public official who is performing a discretionary function, as long as the conduct does not violate clearly established constitutional or statutory rights."). "The nature of qualified immunity doctrine bears on the difficulties of the problem, because [qualified] immunity frequently depends on the specific facts of a particular case." 15A Wright & Miller, Federal Practice and Procedure § 3914.10.

(emphasis added); Abercrombie, 54 Haw. at 380, 507 P.2d at 721 ("[A]ppellant's statements . . . can be construed as an exercise of [his] legislative function and thus [are] absolutely privileged."). In this case, the ICA did not make any finding otherwise; rather, it simply held that it did not have jurisdiction to hear Baker's appeal. Greer, Order at 3.

The first requirement of the collateral order doctrine, whether the circuit court's ruling conclusively decided a disputed question, is met in this case. "The most basic element of collateral order finality is that the [court] must have decided the matter offered for appeal." 15A Wright & Miller, Federal Practice and Procedure § 3911.1.

This is not a case in which the circuit court would need to "revisit the issue" of Baker's claim. Cf. Siangco, 77 Hawai'i at 161, 883 P.2d at 82; S. Ute Indian Tribe v. Amoco Prod. Co., 2 F.3d 1023, 1028-29 (10th Cir. 1993) (holding that the issue in question was not conclusively determined because the court declared that its order was preliminary). In denying the motion to dismiss and thereby requiring Baker to defend the litigation, the circuit court "conclusively determined" her claim of immunity: "Defendant Baker's claim of legislative immunity is denied. Defendant Baker is not protected by legislative immunity[.]" For the purposes of dismissal, the circuit court's order was the

15

"final word on the subject." Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 869 (1994) (citation omitted).

The second requirement, that the order resolve an important issue completely separate from the merits of the action, is also met. The legislative immunity issue is conceptually distinct from the merits of Greer's claims. Absolute legislative immunity is available to Baker if her action was "taken in the exercise of [her] legislative functions[.]" Haw. Const. art. III, § 7. Whether an act is "legislative" generally "turns on the nature of the act itself, rather than on the motive or intent of the official performing it." Bogan v. Scott-Harris, 523 U.S. 44, 45 (1998). That determination would be separate from a decision on the merits of a HWPA,[7] NIED, or IIED claim. See Doe Parents

_____

[7]     Specifically, HRS § 378-62 (Supp. 2012) provides:

An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:

(1)     The employee, or a person acting on behalf of the employee, reports or is about to report to the employer, or reports or is about to report to a public body, verbally or in writing, a violation or a suspected violation of:

(A)     A law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States; or

(B)     A contract executed by the State, a political subdivision of the State,

(continued...)

No. 1 v. State Dep't Of Educ., 100 Hawai'i 34, 69-70, 58 P.3d 545, 580-81 (2002) (describing the elements of an NIED claim); Young v. Allstate Ins., Co., 119 Hawai'i 403, 429, 198 P.3d 666, 692 (2008) (describing the elements of an IIED claim).

The third factor, whether the ruling would be "effectively unreviewable" if appellate review is deferred until there is a final judgment in the trial court, is also satisfied in this case. In Kukui Plaza, we held that an order denying arbitration fell under the collateral order doctrine because "it will be too late effectively to review the present order when final judgment is entered; for the rights conferred by HRS Chapter 658, if it is applicable, will have been lost, probably irreparably." 68 Haw. at 105-06, 705 P.2d at 34 (citations and quotation marks omitted). And in Knauer v. Foote, this court held that an order expunging a lis pendens meets the collateral order criteria because "if the movant had to wait until final judgment on the underlying claim, the realty could be sold before the issue

---

[7](...continued)

> or the United States,
> unless the employee knows that the
> report is false; or
>
> (2)  An employee is requested by a public body
>      to participate in an investigation,
>      hearing, or inquiry held by that public
>      body, or a court action.

17

was resolved, thereby rendering the order unreviewable." 101 Hawai'i at 85, 63 P.3d at 393.

The concern in those cases--that an appellant's right might be irreparably lost--is present here. Legislative immunity is an immunity from suit, rather than a mere defense to liability. By requiring the legislator to proceed as a party until a final judgment, the entitlement not to stand trial or face the other burdens of litigation would be lost. See Abercrombie, 54 Haw. at 381, 507 P.2d at 722 ("[I]t is ridiculous to resolve the question of law as to whether the appellant can be held answerable before 'any other tribunal' after he has been subjected to trial."); see also State v. Ontiveros, 82 Hawai'i 446, 451, 923 P.2d 388, 393 (1996) (noting that the district court's denial of a motion to dismiss was dissimilar from "denials of motions to dismiss based on arguments that . . . would establish that the defendant has a right not to be tried[,]" which "are collateral orders immediately appealable as final decisions") (citing Abney v. United States, 431 U.S. 651 (1977)).

That absolute immunity is intended to protect against the burdens of trial was made explicit in Mitchell v. Forsyth, 472 U.S. 511 (1985), which allowed a collateral order appeal from a pretrial denial of a defense of official immunity. The Supreme Court, in ruling that the appeal was proper, noted that, "the

18

denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." Id. at 525 (citations and quotation marks omitted); see Nixon v. Fitzgerald, 457 U.S. 731, 742 (1982).

Indeed, denial of absolute immunity has been considered the embodiment of a ruling that is unreviewable from a final judgment, as it is "intended to protect against the burdens imposed by the trial process as well as the burden of adverse judgment." 15A Wright & Miller, Federal Practice and Procedure § 3911.3; see id. at § 3914.1 (stating that the best illustration of "rights intended to protect against the burden of trial rather than simply to protect against the entry of judgment" is provided by appeals based on claims of official immunity); Flanagan v. United States, 465 U.S. 259, 267 (1984).

In the instant case, the circuit court's order denying Baker's motion to dismiss based on legislative immunity conclusively determined whether Baker would need to undergo the burdens imposed by the trial process. Baker's immunity claim was completely separate from the underlying action in which Greer sought relief under the HWPA and for his claims of NIED and IIED.

19

Once Baker is required to go to trial, the entitlement not to stand trial or face the other burdens of litigation would be lost.

We therefore conclude the order denying Baker's absolute immunity claim was an immediately appealable collateral order.

**2.    The ICA erred in concluding that the circuit court's order did not qualify as a collateral order**

The ICA concluded, without conducting the three-part test in Abrams, that the circuit court's order did not satisfy the requirements of the collateral order doctrine, and did so in part by relying upon Brown v. Wong, 71 Haw. at 522, 795 P.2d at 285. Greer, Order at 8.

In Brown, we held that "a pre-trial order denying a motion to dismiss or for judgment on the pleadings or for summary judgment, on the basis of sovereign immunity, is not a collateral order, final in nature, and appealable in actions brought against the State under HRS Chapters 661 and 662." 71 Haw. at 522, 795 P.2d at 285 (emphasis added). Our reasoning was that in addition to our "long standing policy against piecemeal appeals[,]" there was no reason why the State, like any other party, "should not be required to establish, by summary judgment, the non-existence of genuine issues of material fact, or be required, failing that, to proceed to trial." Id.

20

Brown is distinguishable, insofar as the immunity protected under sovereign immunity is not the same as legislative immunity.  Under HRS § 662-2 (1993), the waiver of sovereign immunity is limited to "immunity from liability[.]"  (Emphasis added).  Immunity from liability is not necessarily "effectively unreviewable," as a party could have an adverse denial of summary judgment reversed on appeal.  On the other hand, legislative immunity involves immunity from suit:  "No member of the legislature shall be held to answer before any other tribunal[.]"  Haw. Const. art. III, § 7; see also Abercrombie, 54 Haw. at 381, 507 P.2d at 722.  Once Baker is required to go to trial, the entitlement not to stand trial would be irreparably lost.

In addition, the Brown court was concerned with the State, "in every case, . . . us[ing] the claim of sovereign immunity as a vehicle for having numerous genuine material factual issues reviewed on appeal[.]"  Brown, 71 Haw. at 522, 795 P.2d at 284.  In other words, on appeal the State would be able to "bundle" its sovereign immunity claim with the other issues in the case, effectively bypassing the requirement of a final judgment.  That concern is not present here.  An appeal of a denial of legislative immunity could not bring with it the other claims at issue, otherwise it would fail the second requirement of the collateral order doctrine--that the order resolve an important

21

issue <u>completely separate</u> from the merits of the action.  Thus, <u>Brown</u> is not dispositive of the issue, and the ICA has jurisdiction to hear Baker's appeal.

## C.    <u>Jenkins</u> has Not Overruled <u>Abercrombie</u>

The ICA held that if <u>Abercrombie</u> assumed jurisdiction pursuant to HRS § 641-1(a), the subsequent holding in <u>Jenkins</u> has overruled it.  <u>Greer</u>, Order at 5-7.  HRS § 641-1(a) allows appeals "from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602."

<u>Jenkins</u> did not overrule the holding in <u>Abercrombie</u>.  In short, based on the <u>Abercrombie</u> majority's reasoning and the case it cited, <u>Gillespie v. U.S. Steel Corp.</u>, 379 U.S. 148 (1964), the <u>Abercrombie</u> court treated the denial of legislative immunity as an immediately appealable collateral order.  Since <u>Jenkins</u> does not apply to collateral orders, it did not overrule <u>Abercrombie</u>.

In <u>Abercrombie</u>, the plaintiff sued a state senator for slander.  54 Haw. at 376-77, 507 P.2d at 719-20.  The senator filed a motion to dismiss based on legislative immunity.  The circuit court treated the motion to dismiss as a motion for summary judgment and denied the motion.  <u>Id.</u>  Thereafter, the senator filed a "Motion for Summary Judgment or to Reserve Questions of Law to Supreme Court[,]" claiming that "there is no

22

genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law[.]"  Id. at 377, 507 P.2d at 720.  The circuit court denied the state senator's motion.  Id.

On appeal, the supreme court concluded that the order denying the senator's motion for summary judgment based on legislative immunity was an immediately appealable final order:

> It is well established that under usual circumstances a denial of a motion for summary judgment would be interlocutory; however, it does not necessarily mean that denial of the motion for summary judgment in this case is therefore interlocutory.  This court has repeatedly stated that a final decision for the purpose of appeal is not necessarily the last decision in the case, and that the nature and effect of the decision rather than the stage at which it is rendered is the true test.
> . . . .
> Here, the trial court's denial of the motion for summary judgment is final as to appellant's right to raise the issue whether the trial court lacked jurisdiction to try him for statements made by him as a member or our legislature, in the light of our constitutional provision reading "no member of the legislature shall be held to answer before any other tribunal."
> . . . .
> In seeking a just and expeditious resolve and to meet the need of sparing the litigants unnecessary expenditure of time, effort and money, we conclude that the trial court's order denying appellant's motion for summary judgment is an appealable final order.

Id. at 380-81, 507 P.2d at 721-22 (quotation marks omitted; emphases added).[8]

---

[8]    In a later opinion, the supreme court ruled on the merits of the senator's appeal and held that allegedly slanderous statements made by a legislator in the exercise of his or her legislative function are absolutely privileged.  See Abercrombie v. McClung, 55 Haw. 595, 600, 525 P.2d 594, 597 (1974).

While the court used the general phrase "appealable final order," the majority's reasoning and cited cases indicate that the denial of legislative immunity was a specific type of appealable final order--a collateral order.

In support of its holding regarding appellate jurisdiction, Abercrombie cited, and used nearly identical language to, the United States Supreme Court's opinion in Gillespie. Importantly, Gillespie cited extensively to Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), the case that served as the basis for the collateral order doctrine.

That the Abercrombie court did not explicitly reference the collateral order doctrine is less significant because that phrase was not yet widely used. Though Cohen set the groundwork, the Supreme Court did not use the term "collateral order" until 1977, see Abney, 431 U.S. at 657, and did not use the term "collateral order doctrine" until 1978, see United States v. MacDonald, 435 U.S. 850, 855 (1978). Before that, the Supreme Court was engaging in the same type of "finality analysis" present in Abercrombie. Compare Abercrombie, 54 Haw. at 380, 507 P.2d at 721 ("[A] final decision for the purpose of appeal is not necessarily the last decision in the case[.]"), with Gillespie, 379 U.S. at 152 ("[A] decision 'final' within the meaning of [the statute governing appeals] does not necessarily mean the last

24

order possible to be made in a case."); see also Cohen, 337 U.S. at 546-47 ("We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.").

Moreover, the Abercrombie court's holding that the trial court's denial was "final" was based on reasons similar to that of the modern-day collateral order doctrine. Compare Abercrombie, 54 Haw. at 381, 507 P.2d at 722 ("[T]he trial court's denial . . . is final as to appellant's right to raise the issue [of jurisdiction.]"), with Kukui Plaza, 68 Haw. at 106, 705 P.2d at 34 (Arbitration denial was an appealable collateral order because "it [would] be too late effectively to review the present order when final judgment is entered[.]") (quotations omitted). In short, the senator in Abercrombie had a constitutional right not to stand trial, and the trial court's denial of summary judgment was final as to that right. The Abercrombie court's conclusion that the denial was "an appealable final order" was based on principles akin to a collateral order.

Since Abercrombie is most accurately construed as a collateral order, Jenkins does not apply to it. See Jenkins, 76 Hawaiʻi at 117 n.1, 869 P.2d at 1336 n.1 ("This opinion is not intended to apply to . . . appealable collateral orders."); Lambert, 131 Hawaiʻi at 461 n.8, 319 P.3d at 380 n.8 ("Exceptions

25

to the separate, final judgment requirement include . . . the collateral order doctrine[.]").  The ICA was therefore incorrect in holding that if <u>Abercrombie</u> assumed appellate jurisdiction pursuant to HRS § 641-1(a), the subsequent holding in <u>Jenkins</u> has overruled it.

## V. Conclusion

For the forgoing reasons, we vacate the ICA's May 26, 2015 order dismissing Baker's appeal for lack of jurisdiction and remand this case to the ICA for determination of the appeal on its merits.

| | |
|---|---|
| Douglas S. Chin, Attorney General; James E. Halverson and Maria Cook, Deputy Attorneys General, for petitioner Rosalyn Baker. | /s/ Mark E. Recktenwald<br><br>/s/ Paula A. Nakayama<br><br>/s/ Sabrina S. McKenna |
| Brian K. MacKintosh and Michael J. Green for respondent Mark H.K. Greer. | /s/ Richard W. Pollack<br><br>/s/ Michael D. Wilson |

