**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000015
09-MAY-2025
08:43 AM
Dkt. 49 ORD**

NO. CAAP-25-0000015

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HAWAIIAN RANCHOS ROAD MAINTENANCE CORPORATION,
Plaintiff/Counterclaim Defendant-Appellee, v.
JERRY HALVORSEN, Defendant/Counterclaimant-Appellee, and
JUDITH BOND, Defendant-Appellee, and
LARRY SHELTON; GEORGE CLINE; RAY RAQUINIO; JERRY FINE,
Defendants/Counterclaimants-Appellees, and
STANLEY TROELLER, Defendant-Appellee, and
NANCY BONDURANT, Defendant-Appellant, and
DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC181000222)

ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Upon consideration of Plaintiff/Counterclaim Defendant-Appellee Hawaiian Ranchos Road Maintenance Corporation's (**Hawaiian Ranchos**) April 2, 2025 Motion to Dismiss Appeal for Lack of Appellate Jurisdiction, the papers in support and in opposition, and the record, it appears that:

(1) Self-represented Defendant/Counterclaimant-Appellant Nancy Bondurant (**Bondurant**) appeals from the following orders entered by the Circuit Court of the Third Circuit on October 15, 2024: (a) the Order Denying Defendant Nancy Bondurant's Motion to Stay Proceedings (**Stay Order**), (b) the Order Granting Plaintiff Hawaiian Ranchos Road Maintenance

Corporation's Motion for Sanctions Against Nancy Bondurant Pursuant to HRCP Rule 11 (**Sanctions Order**), and (c) the Order Denying Defendant Nancy Bondurant's Motion to Discharge Improperly Issued Second Amended [Proposed] Writ of Execution as to Defendant Nancy Bondurant, dkt. #609 and Signed Order, dkt. #611 (**Writ Order**);

(2) Hawaiian Ranchos seeks dismissal of the appeal for lack of jurisdiction because, among other things, the Sanctions Order is not appealable under the collateral order doctrine,[1] and the appeals from the Stay Order and Writ Order are moot;[2]

(3) A Final Judgment was entered in the underlying case on September 6, 2022, and a post-judgment order is appealable under Hawaiʻi Revised Statutes § 641-1(a) (2016) if it disposes of all issues raised in a post-judgment motion, Ditto v. McCurdy, 103 Hawaiʻi 153, 158, 80 P.3d 974, 979 (2003); accordingly, we conclude we have appellate jurisdiction over the Sanctions Order;

(4) Bondurant has already obtained a stay of the underlying proceedings pending the appeal in related case CAAP-24-0000408;[3] accordingly, we conclude the appeal from the Stay Order is moot; and

(5) Hawaiian Ranchos fails to cite authority for its argument that the appeal from the Writ Order is moot because the Circuit Court subsequently entered a new writ of execution that

---

[1]     See Greer v. Baker, 137 Hawaiʻi 249, 254, 369 P.3d 832, 837 (2016) (setting out the requirements for an appeal under the collateral order doctrine).

[2]     See Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008) (setting forth the elements of the mootness doctrine).

[3]     See Order Granting Motion for Stay, CAAP-24-0000408 docket no. 212.

purportedly supersedes the writ Bondurant challenged; accordingly, we will deny the request to dismiss the appeal from the Writ Order without prejudice to Hawaiian Ranchos raising the issue in its answering brief.

Therefore, IT IS HEREBY ORDERED that the motion is granted in part and denied in part as follows:

1. The appeal is dismissed in part, but only to the extent Bondurant seeks relief from the October 15, 2024 Order Denying Defendant Nancy Bondurant's Motion to Stay Proceedings.

2. All other relief requested is denied without prejudice.

DATED: Honolulu, Hawaiʻi, May 9, 2025.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge