**SYLVAN HEIGHTS REALTY PARTNERS, L.L.C. and Americare Management Services, Inc.**

v.

**Frank LaGROTTA, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2007.

Decided Jan. 2, 2008.

Jonathan F. Bloom and Thomas W. Dymek, Philadelphia, for appellant.

Jeffrey T. Morris, Pittsburgh, for appellees.

BEFORE: LEADBETTER, President Judge, COLINS, Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge COLINS.

Frank LaGrotta (LaGrotta), a member of the Pennsylvania House of Representatives at all times pertinent to this action, seeks appeal from an order of the Court of Common Pleas of Lawrence County (trial court) that denied his motion for judgment on the pleadings in the civil action initiated against him by Appellees, Sylvan Heights Realty Partners, L.L.C. and Americare Management Services, Inc. (collectively, Plaintiffs or Appellees). Before addressing the merits of LaGrotta's appeal, we must first determine whether the trial court's order is appealable. For the reasons stated below, we conclude that it is not, and will enter an order quashing the appeal.

On December 5, 2005, Plaintiffs filed an amended complaint against LaGrotta, asserting two claims of tortious interference with a contract and one claim of tortious interference with prospective contractual relations arising from contracts between Plaintiffs and Lawrence County to: (1) purchase and sell the former county owned and operated Hill View Manor nursing home facility and (2) operate and manage Hill View Manor until the closing on the

purchase agreement. Plaintiffs alleged that LaGrotta issued press releases and contacted various Lawrence County officials in an effort to induce the County to breech its agreements with Plaintiffs.[1]

LaGrotta filed preliminary objections to the amended complaint, asserting that as a legislator he was immune to suit pursuant to the Speech or Debate Clause of Article II, Section 15 of the Pennsylvania Constitution and the doctrine of official immunity. The trial court overruled the preliminary objections, reasoning that all immunity defenses must be raised by new matter. Accordingly, LaGrotta filed an answer with new matter asserting the immunity defenses and thereafter filed a motion for judgment on the pleadings, on the basis of the same immunity defenses.

The trial court denied LaGrotta's motion for judgment on the pleadings in an order dated February 16, 2007. Relying on *Uniontown Newspapers, Inc. v. Roberts*, 576 Pa. 231, 839 A.2d 185 (2003), the trial court characterized LaGrotta's asserted immunities as "legislative immunity" and concluded that the activities that LaGrotta is alleged to have committed were not protected under the scope of legislative immunity.

■ LaGrotta filed a notice of appeal from the February 16, 2007 order with this Court. In response, Appellees filed a motion to quash with this Court. On March 23, 2007, and in response to LaGrotta's appeal, the trial court issued a supplemental opinion, opining that the February 16, 2007 order was not immediately appealable. The trial court concluded, in pertinent part, that the pending appeal was not from a collateral order within the meaning of Rule 313(b) of the Pennsylvania Rules of Appellate Procedure, which states:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

As an exception to the rule of finality, the collateral order rule is interpreted narrowly, and each prong must be satisfied before an order will be considered on appeal. *Melvin v. Doe*, 575 Pa. 264, 836 A.2d 42, 46–47 (2003).

On April 2, 2007, this Court granted Appellees' motion to quash the appeal, concluding that the February 16, 2007 order was not appealable as a collateral order. LaGrotta filed a motion for reargument *en banc*, which this Court granted by per curiam order, vacating the prior order and reinstating the appeal. Our order also directed the Chief Clerk to list the motion to quash with the merits of the underlying appeal. Therefore, we must first address

---

1. The amended complaint specifically alleges that LaGrotta acted outside the scope of his duties as a legislator by discussing the attempted purchase of Hill View with Susan Papa, a Lawrence County attorney and sister of a County Commissioner (¶ 30); discussing the proposed transaction with other agents and officials of Lawrence County (¶ 31); contacting the state Health Department and complaining about alleged improprieties between principals of Sylvan and Americare (¶ 32); and contacting the State Police, requesting the State Police Commissioner to investigate the proposed purchase, based on information that certain persons and entities involved in the purchase were involved in organized crime and warranted examination. (¶ 35) Plaintiffs aver that, because of the negative publicity generated by LaGrotta, and the rescission of the Department's approval, it was unable to complete the purchase of Hill View. (¶ 36) Last, Plaintiffs contend that as a result of LaGrotta's conduct, the County terminated Americare's role as interim manager of Hill View, resulting in the loss of six months of management fees that it would have collected. (¶¶ 38, 39)

the threshold issue of whether the order denying judgment on the pleadings and rejecting LaGrotta's assertion of immunity pursuant to the Speech or Debate and/or the doctrine of official immunity is subject to an immediate appeal as of right. This was preserved by LaGrotta in his Statement of the Questions Involved, which stated:

> 1. Whether the denial of a motion for judgment on the pleadings asserting an absolute immunity to suit is a collateral order from which a party may take an immediate interlocutory appeal as of right.

■ LaGrotta asserts that the trial court's order preliminarily denying his assertion of Speech or Debate and official immunity satisfies all three elements of the collateral order rule and, as such, is immediately appealable. LaGrotta argues that the trial court's order satisfied the initial element of separability because the legal question presented on appeal asks whether his alleged activities fall within the "legitimate legislative sphere" of activities protected by Speech or Debate and official immunity. LaGrotta argues that the issue of the scope and effect of his immunity is legally separable from the merits of Plaintiffs' underlying tort claims, even though the legal questions draw from the same factual background. Under the qualitative importance element, LaGrotta argues that the assertion of Speech or Debate and official immunity is of significant importance, as the immunities further the fundamental doctrine of Separation of Powers and protect public officials from harassing lawsuits based on their conduct on behalf of the public. Under the final element, irreparable loss, LaGrotta argues that, if he is forced to defend himself until a final order is issued in this case, he would lose the very right that the immunities guarantee, i.e., the right not to have to answer for his allegedly protected conduct in a civil trial.

In opposition, Appellees claim that the order fails to satisfy the first and third elements of the collateral order rule. Appellees argue that the trial court's order is inextricably intertwined to the main cause of action because the trial court's ruling on the motion for judgment on the pleadings required an evaluation of the legal underpinnings of the cause of action in the amended complaint. Additionally, Appellees argue that the denial of LaGrotta's asserted right to an immediate appeal from the trial court's order will in no way render moot any subsequent appeal in the context of a final order, respecting the immunity issue.

While we believe that LaGrotta's right to assert immunity to suit is of sufficient importance to satisfy the second element of the collateral order doctrine, we do not believe the trial court's order is collateral to the main cause of action or that LaGrotta's right to appellate review will be irreparably lost if review is denied at this juncture.

Distilled to its essence, appellant's argument is that the Speech or Debate Clause allows any legislator to avoid trial, or even discovery, in any matter, wherein the alleged tortious conduct has even a tangential connection with the legislator's official duties. The Plaintiffs here have alleged conduct which, if proven, would be clearly outside the legislative sphere.

As alleged in the Amended Complaint, former Representative LaGrotta, through public statements made in the media, and not on the floor of the House, and communications with the Department of Public Welfare and the State Police, caused Lawrence County not to perform obligations between Lawrence County and the Plaintiffs. It is further alleged that these allegations were malicious and defamatory.

Therefore, at the very least, discovery must be undertaken, following which, La-Grotta may prevail on a motion for summary judgment. If the matter were to proceed to trial, the issues of Speech or Debate immunity, and/or legislative immunity, affirmative defenses that were properly pled, would be subject to appellate review should LaGrotta not prevail. Under either scenario, the claim of immunity will not be "irreparably lost."

This reasoning is consistent with our previously decided cases holding that a preliminary denial of speech or debate immunity is not immediately appealable as a collateral order. *See Farber v. Pennsbury School District*, 131 Pa.Cmwlth. 642, 571 A.2d 546 (1990); *Bollinger v. Obrecht*, 122 Pa.Cmwlth. 562, 552 A.2d 359 (1989), *petitions for allowance of appeal denied*, 527 Pa. 588, 588 A.2d 511 (1990); *Horowitz v. Cheltenham Township*, 123 Pa.Cmwlth. 586, 554 A.2d 188 (1989), *aff'd per curiam*, 524 Pa. 101, 569 A.2d 351 (1990).

We must reject LaGrotta's assertions that our Supreme Court decisions in *Ben v. Schwartz*, 556 Pa. 475, 729 A.2d 547 (1999), and *Pridgen v. Parker Hannifin Corporation*, 588 Pa. 405, 905 A.2d 422 (2006), mandate a dismissal of the complaint.

In *Ben*, the Pennsylvania Supreme Court concluded that all three factors antecedent to the establishment of an immediately appealable collateral order under Rule 313 were present. In *Ben*, the Bureau of Professional and Occupational Affairs sought to block the turnover of its entire investigative files in a dental malpractice action. The Bureau was not a party to the malpractice action and filed a motion to quash, as well as a request for a protective order, asserting that the information was privileged and not subject to discovery. The trial court dismissed these motions and directed that the Bureau pro-duce the investigative files. The Bureau then appealed to the Commonwealth Court which determined the appeal was of an interlocutory, non-collateral order and, therefore, quashed the appeal.

On appeal to the Pennsylvania Supreme Court, the Commonwealth Court was reversed upon the Supreme Court's conclusion that all three prongs necessary to establish an immediately appealable collateral order under Rule 313(b) were present. What is critical is that the Supreme Court found that a subsequent review of the order compelling the production of the investigative files, after the production of said files, would render the privilege issue illusory, since the privileged materials would have been produced, thereby making appellate review, subsequent to the production, superfluous. Such is clearly not the case here.

In *Pridgen*, the Pennsylvania Supreme Court dealt with a very discrete legal issue, the applicability of an 18–year statute of repose under the General Aviation Act of 1994, § 2(a)(2), 49 U.S.C. § 40101. The Court found that the statute mandated dismissal, under the unique facts of the case, and, therefore, the collateral order doctrine should be applied, because the defendant would suffer irreparable loss by defending a complex litigation action at trial.

Such a clearly definable, controlling issue is not present here. As noted by Senior Judge Wherry of the Court of Common Pleas of Lawrence County in his opinion:

Specifically, Plaintiffs stated in their Amended Complaint:

On or about July 30, 2003, Defendant Lagrotta, *acting outside the scope of his jurisdiction and his duties as a state legislator*, discussed Sylvan's attempted purchase of Hill View with Susan Papa, an attorney in private [practice] . . . in

Lawrence County and the sister Mary Ann Reiter, the Lawrence County Controller. [Amended Complaint at ¶ 30].

. . .

[A]ccording to two (2) press releases from Defendant Lagrotta's office, headlined 'Hill View Manor Sale Put on hold by PA Health Department' and 'Lagrotta: Sylvan Heights Lawsuit Filed Against Wrong Party,' (the "Press Releases") on or about July 30, 2003, Lagrotta contacted the Pennsylvania Department of Health (the "Department") and complained of alleged 'apparently improper associations between the principals of Sylvan Heights and those of Americare . . .' and 'questionable transfers of funds'. . . . [Amended Complaint at ¶ 32].

. . .

[I]in August, 2003, Lagrotta, *acting outside the scope of his jurisdiction and duties as a state legislator,* requested that Pennsylvania State Police Commissioner Jeffery B. Miller investigate Sylvan's purchase of Hill View and claimed, based on 'hearsay' information allegedly related to him by unidentified third parties, that the principal individuals involved with Sylvan and Americare, along with the Lawrence County Commission Chair Roger DeCarbo and District Attorney Matt Mangino allegedly were involved in organized crime activities and should be investigated. [Amended Complaint at ¶ 35].

(Emphasis added.)

As previously noted, in response to these allegations, LaGrotta raised the affirmative defense of the Speech or Debate Clause, as well as legislative immunity. However, as astutely noted by the trial court: "Moreover, at this time, the Court has not been presented with any factual issues regarding the alleged communications." (Page 10, trial court opinion, footnote omitted).

Without some further factual development, it would be premature for this Court to invoke the collateral order doctrine and definitively resolve the issue of immunity. We are further guided by the following language of the United States Supreme Court in our decision to decline appellate review at this time.

> The immunities of the Speech or Debate Clause were not written into the Constitution simply for the personal or private benefit of Members of Congress, but to protect the integrity of the legislative process by insuring the independence of individual legislators.

*United States v. Brewster,* 408 U.S. 501, 507, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972). The Court also stated:

> In no case has this Court ever treated the Clause as protecting all conduct relating to the legislative process. In every case thus far before this Court, the Speech or Debate Clause has been limited to an act which was clearly a part of the legislative process—the *due* functioning of the process.

*Id.,* at 515–16, 92 S.Ct. 2531.

Therefore, we shall grant Appellees' Motion to Quash and remand the matter to the Court of Common Pleas of Lawrence County.

Judge PELLEGRINI concurs in the result only.

## ORDER

AND NOW, this 2nd day of January 2008, Appellees' Motion to Quash is granted, and this matter is remanded the matter to the Court of Common Pleas of Lawrence County.

Jurisdiction is relinquished.