IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wanda Brooks :
:
v. :
:
Ewing Cole, Inc., d/b/a Ewing Cole :
and City of Philadelphia and Family :
Court of the Court of Common Pleas :
of the First Judicial District Court :
:
Appeal of: Family Court of the :
Court of Common Pleas of the : Nos. 911 & 912 C.D. 2018
First Judicial District : Submitted: June 12, 2020


BEFORE: HONORABLE ANNE E. COVEY, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: July 9, 2020


The Family Court of the Court of Common Pleas of the First Judicial District Court (Family Court) appeals from the June 4, 2018 order of the Court of Common Pleas of Philadelphia County (trial court) denying the Family Court's motion for summary judgment, and also from the July 3, 2018 reconsideration order of the trial court again denying summary judgment.[1] Upon review, we strike the

_____

[1] While the Family Court consistently references the trial court's June 4, 2018 order, we note that on July 2, 2018, the trial court vacated its June 4, 2018 order pending reconsideration thereof. *See* Trial Court Docket at 11, Original Record (O.R.) at 11. The Family Court's notice of appeal from the trial court's June 4, 2018 order (docketed at No. 911 C.D. 2018) is, therefore, rendered inoperative and must be stricken. *See* Pa.R.A.P. 1701(b)(3) (providing that "[a]fter an

notice of appeal of the trial court's June 4, 2018 order and quash the notice of appeal of the trial court's July 3, 2018 order.[2]

The instant dispute arises from an action filed by Wanda Brooks (Brooks) against the Family Court for injuries allegedly sustained when she walked into an unmarked glass wall at the Family Court Building in Philadelphia, Pennsylvania, on January 8, 2015. Trial Court Opinion, 11/6/18 at 1. The Family Court filed a motion for summary judgment on the basis that sovereign immunity barred Brooks' negligence claim, contending that the exceptions to immunity set forth in Section 8522 of the Sovereign Immunity Act, 42 Pa.C.S. § 8522, do not apply to the courts. *See* Family Court's Motion for Summary Judgment at 2-3, ¶¶ 9-18, Reproduced Record (R.R.) at 3a-4a; Trial Court Docket at 8, Original Record (O.R.) at 8.[3] Brooks filed a response, asserting that as a state governmental entity, the Family Court was not immune to her negligence claim, citing the waiver of immunity contained in Section 8522(b)(4) of the Sovereign Immunity Act, 42

---

appeal is taken . . . , the trial court . . . may . . . [g]rant reconsideration of the order which is the subject of the appeal or petition," and that "[a] timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal . . . theretofore or thereafter filed or docketed with respect to the prior order"); *Barron v. City of Philadelphia*, 754 A.2d 738, 740 (Pa. Cmwlth. 2000) (noting, "we have held that when a trial court has, within the permitted time period, vacated a prior order to consider the motion for reconsideration, the trial court's action constituted the functional equivalent of an express grant of reconsideration") (internal citation and quotation marks omitted). Nevertheless, the Family Court additionally filed a timely notice of appeal from the trial court's July 3, 2018 order (docketed at No. 912 C.D. 2018) denying summary judgment upon reconsideration, and also indicated that it is appealing from this order in its appellate brief. *See* Family Court Brief at 1-4. However, as the trial court's July 3, 2018 order does not constitute a final order, the threshold question *sub judice* is whether the July 3, 2018 trial court order constitutes an appealable collateral order.

[2] By order dated September 11, 2018, this Court consolidated these two appeals.

[3] Our citations to the O.R. reference the page numbers of the PDF document, as the O.R. is not paginated.

Pa.C.S. § 8522(b)(4), for claims arising from a dangerous condition of real estate owned or leased by the Commonwealth. Brooks' Response at 4-5, ¶¶ 19-23, R.R. at 13a-14a.

On June 4, 2018, the trial court denied the Family Court's motion for summary judgment. On June 28, 2018, the Family Court filed a motion for reconsideration of the trial court's June 4, 2018 order. Trial Court Docket at 10, O.R. at 10. On the same date, the Family Court also filed with this Court a notice of appeal from the trial court's June 4, 2018 order.[4] Trial Court Docket at 11, O.R. at 11. On July 2, 2018, the trial court vacated its June 4, 2018 order pending reconsideration of that order. Trial Court Docket at 11, O.R. at 11.

On July 3, 2018, upon reconsideration of the Family Court's motion for summary judgment, the trial court again denied summary judgment and further denied the Family Court's request to certify the matter for interlocutory appeal. Trial Court Docket at 11, O.R. at 11. On July 5, 2018, the Family Court filed with this Court a notice of appeal from the trial court's July 3, 2018 order. Trial Court Docket at 12, O.R. at 12. Also on this date, the Family Court filed an emergency application to stay the trial court proceedings pending resolution of its appeal to this Court. Emergency Application for Stay, 7/5/18. On July 9, 2018, we granted the Family

---

[4] We note that the Family Court incorrectly states in the statement of jurisdiction portion of its appellate brief that it appeals "from the trial [c]ourt's July 3, 2018 [o]rder *denying the motion for reconsideration of the June 4, 2019 [o]rder[.]*" Family Court's Brief at 1 (emphasis added). The Family Court also erroneously identified as one of the questions presented in its appellate brief "[w]hether the trial [c]ourt committed an error of law or abused its discretion *when on July 3, 2018, it denied [the] Family Court's motion for reconsideration of the June 4, 2018 [o]rder denying summary judgment.*" *Id.* at 4 (emphasis added). The trial court effectively granted the Family Court's motion for reconsideration on July 2, 2018 and, upon reconsideration, denied the Family Court's motion for summary judgment in its July 3, 2018 order. *See* Trial Court Docket at 11, O.R. at 11.

Court's emergency application and directed the parties to address the appealability of this July 3, 2018 order in their principal briefs on the merits. Cmwlth. Ct. Order, 7/9/18. On August 28, 2018, the trial court entered an order discontinuing Brooks' claim as to Ewing Cole, Inc. without prejudice. Trial Court Docket at 12, O.R. at 12.[5]

On November 7, 2018, the trial court issued an opinion expounding upon its reasons for denying the Family Court's motion for summary judgment. Trial Court Docket at 13, O.R. at 13; Trial Court Opinion at 1-9, Supplemental Reproduced Record (S.R.R.) at 1-9.[6] The trial court noted that "[t]he central issue

---

[5] Brooks initially named two other defendants—Ewing Cole, Inc., and the City of Philadelphia. Trial Court Opinion at 2 n.2. On July 3, 2018, the trial court denied the Family Court's request to certify the matter for interlocutory appeal, because other defendants remained involved in the matter, thereby rendering a collateral appeal premature. *Id.* However, on August 18, 2018, after the July 3, 2018 order was appealed to this Court, Brooks discontinued her claims against Ewing Cole, Inc. *Id.* Noting "that Ewing Cole, Inc. [was] no longer a party and that the remaining party [was] the City [of Philadelphia], which claim[ed] immunity as a landlord out of possession, [the trial court] agree[d] that its [o]rder denying summary judgment is appropriate for intermediate review." *Id.* The trial court stated that, "as [its] opinion will delineate, the issue of whether the [Family Court] is completely immune from suit and courts were not meant to be included in exceptions to immunity for state parties under the Sovereign Immunity Act 'involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the [o]rder may materially advance the ultimate termination of the matter.'" *Id.* (quoting Pa.R.A.P. 1312(a)(2)). The trial court reasoned that "since [it] has concluded that review now is legally appropriate, it is no longer necessary at this stage to address the appealability of [its] [o]rder denying summary judgment." Trial Court Opinion at 2 n.2. However, the trial court failed to amend its order to permit interlocutory appeal in accordance with Pennsylvania Rule of Appellate Procedure 1311 and Section 702(b) of the Judicial Code, such as would have allowed the Family Court to file a petition for permission to appeal with this Court in accordance with Rule 1311. *See* Pa.R.A.P. 1311; 42 Pa.C.S. § 702(b). Thus, as noted by this Court in its order granting the Family Court's emergency application for a stay, the appealability of the trial court's order denying summary judgment remains an outstanding issue. *See* Cmwlth. Ct. Order, 7/9/18.

[6] We note that the Family Court failed to paginate the Supplemental Reproduced Record (S.R.R.) in accordance with Pennsylvania Rule of Appellate Procedure 2173 by adding a small letter "b" following page numbers, instead adding small letter "a." We have therefore omitted the letter "a" from our citations to the S.R.R.

presented in [the] appeal [was] whether the General Assembly, in promulgating the Sovereign Immunity Act which waived state . . . governmental immunity in nine specific areas, intended the Courts to be included in the definition of a 'Commonwealth party.'" Trial Court Opinion at 2-3, S.R.R. at 2-3. The trial court disagreed with *Russo v. Allegheny County*, 125 A.3d 113, 115 (Pa. Cmwlth. 2015), *aff'd*, 150 A.3d 16 (Pa. 2016), in which this Court held that sovereign immunity has not been waived with respect to tort claims against the courts of the Unified Judicial System, because the courts are not "Commonwealth parties" within the meaning of the Sovereign Immunity Act. *See* Trial Court Opinion at 4, S.R.R. at 4. In *Russo*, we reasoned as follows:

> The General Assembly has waived sovereign immunity with respect to tort claims in the portion of the Judicial Code commonly known as the Sovereign Immunity Act. 42 Pa.C.S. §§ 8521–8528. However, this waiver applies only to actions for damages arising out of certain negligent acts committed by "Commonwealth parties." 42 Pa.C.S. § 8522(a), (b). A "Commonwealth party" is defined in the Sovereign Immunity Act as a "Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501. To determine what is or is not a Commonwealth agency, we must look to Section 102 of the Judicial Code, which provides general definitions for the entirety of the Judicial Code, including the Sovereign Immunity Act, and defines a Commonwealth agency as "[a]ny executive agency or independent agency." 42 Pa.C.S. § 102. The definitions of "executive agency" and "independent agency" in turn specifically exclude "any court or other officer or agency of the unified judicial system." *Id.*
>
> Accordingly, it is clear that the courts of the unified judicial system are not "Commonwealth parties" within the meaning of the Sovereign Immunity Act. Because

5

> sovereign immunity has not been waived with respect to the courts of the unified judicial system, we must conclude that the courts of the unified judicial system retain their sovereign immunity as related to tort claims.

*Russo*, 125 A.3d at 118.

The trial court criticized our analysis in *Russo* for "exporting the definition for 'Commonwealth agency' from the Judicial Code[.]" Trial Court Opinion at 5, S.R.R. at 5. The trial court reasoned that "[n]one of the definitions in the Sovereign Immunity Act make a distinction among the branches within the Commonwealth government, excluding or including the judicial branch," noting that "[t]he primary distinction the General Assembly made in waiving governmental immunity in the two sections was whether the entity was at the state level or at a level 'other than' the state level." Trial Court Opinion at 3, S.R.R. at 3. The trial court further noted that, in *Russo*, this "Court did not use the Judicial Code's definition of 'Commonwealth government' which includes all of 'the courts . . . of the unified judicial system,'" despite having done so in the unpublished opinion *Abrams v. Juvenile Justice Dep't* (Pa. Cmwlth., No. 2167 C.D. 2014, filed September 3, 2015), slip op. at 7-8. Trial Court Opinion at 6-7, S.R.R. at 6-7. The trial court opined that "[i]t would be surprising for the General Assembly to create a special exemption allowing for the judicial branch of government to enjoy a higher level of immunity than the General Assembly provided to itself and the executive branch without any explicit language or legislative history of such an intention." Trial Court Opinion at 9, S.R.R. at 9. The trial court further determined that "[i]n this case, there is no dispute that the claims set forth by . . . Brooks fall within the real estate exception of the Sovereign Immunity Act." *Id.* at 8. Thus, the trial court concluded that "[t]he only dispute is a question of law as to whether the General

6

Assembly's definition in the Sovereign Immunity Act of 'Commonwealth party' encompasses the courts." Trial Court Opinion at 9, S.R.R. at 9.

The Family Court presently seeks to appeal the trial court's denial of summary judgment.[7] However, "we have . . . held that there is no appeal as of right in the case of a denial of a motion for summary judgment." *Pa. Tpk. Comm'n v. Jellig*, 563 A.2d 202, 204 (Pa. Cmwlth. 1989), *aff'd sub nom. Jellig v. Kiernan*, 620 A.2d 481 (Pa. 1993) (citing Pa.R.A.P. 311). Nevertheless, the Family Court argues that the order in question constitutes an appealable collateral order under Pennsylvania Rule of Appellate Procedure 313.[8] Family Court's Brief at 15 & 18 (citing Pa.R.A.P. 313; *Pridgen v. Parker Hannifin Corp.*, 905 A.2d 422 (Pa. 2006)).

"In determining appealability of orders, Pennsylvania courts adhere to the 'final judgment rule,' which holds that an appeal will lie only from a final order unless otherwise permitted by statute or rule." *Bollinger by Carraghan v. Obrecht*, 552 A.2d 359, 361 (Pa. Cmwlth. 1989) (citing *Fried v. Fried,* 501 A.2d 211 (Pa. 1985); Pa.R.A.P. 341(a)). "The collateral order doctrine is an exception to the general rule that all appeals must await final judgment." *Id.* at 362 (emphasis omitted). "[W]hether an order is appealable as a collateral order under Rule 313 is [therefore] an issue of [the] Court's jurisdiction to entertain an appeal of such an order." *Commonwealth v. Kennedy*, 876 A.2d 939, 943 (Pa. 2005); *see also Shearer*

---

[7] The Family Court contends that "[a]lthough the trial [c]ourt has now certified this matter for [] immediate appeal, the appealability of the . . . [t]rial [c]ourt's denial of summary judgment pursuant to the collateral order doctrine is an outstanding issue . . . ." Family Court's Brief at 15. While the Family Court correctly identifies the threshold issue *sub judice*, we again note that the trial court failed to certify its order denying summary judgment for interlocutory appeal. *See supra* note 5.

[8] Whether an order constitutes an appealable collateral order under Pennsylvania Rule of Appellate Procedure 313 is a question of law. As such, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Kennedy*, 876 A.2d 939, 943 n.3 (Pa. 2005).

*v. Hafer*, 177 A.3d 850, 857 (Pa. 2018) (stating, "[i]f the [collateral order] test is not met . . . and in the absence of another exception to the final order rule, there is no jurisdiction to consider an appeal of such an order").

Pursuant to Rule 313, "[a]n appeal may be taken as of right from a collateral order of a[] . . . lower court," defining "collateral order" as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313. The Family Court asserts that "all [three] criteria are satisfied here." Family Court's Brief at 8.

Regarding the first requirement of separability, the Family Court contends that the question of whether it qualifies as a "Commonwealth party" within the meaning of the Sovereign Immunity Act and, therefore, retains sovereign immunity from Brooks' claim "is clearly both conceptually and factually distinct from the merits of [the] underlying negligence cause of action." Family Court's Brief at 18; *see also id.* at 16 (citing *Pridgen*, 905 A.2d at 433), *id.* at 26-27 (citing *Yorty v. PJM Interconnection, L.L.C.*, 79 A.3d 655 (Pa. Super. 2013)).

"In determining whether an order is separable from and collateral to the main cause of action, we must first decide whether review of the order implicates the merits of the main cause of action." *Twp. of Worcester v. Office of Open Records*, 129 A.3d 44, 55 (Pa. Cmwlth. 2016) (citing *Commonwealth v. Wright*, 78 A.3d 1070 (Pa. 2013)). "[I]f the resolution of an issue concerning a challenged trial court order can be achieved independent from an analysis of the merits of the underlying dispute, then the order is separable for purposes of determining whether the order is a collateral order pursuant to Rule 313." *Kennedy*, 876 A.2d at 943. Our

8

Supreme Court "has adopted a practical analysis recognizing that some potential interrelationship between merits issues and the question sought to be raised in the interlocutory appeal is tolerable" for purposes of assessing separability. *Pridgen* 905 A.2d at 433.

Here, the appeal from the trial court order denying summary judgment involves the issue of whether the Family Court qualifies as a "Commonwealth party" within the meaning of the Sovereign Immunity Act. We agree with the Family Court that this question may be resolved independent of an analysis of the underlying negligence claim. *See Kennedy*, 876 A.2d at 943. The Family Court relies in part on *Yorty*, a case involving a negligence claim levied against a federally-created regional transmission organization (RTO) by an electrician employed by PPL Electric Utilities Corporation after sustaining injury while performing repairs on a transmission line. *Yorty*, 79 A.3d at 658. The RTO filed a motion for summary judgment, claiming immunity from suit pursuant to a tariff[9] granted by the Federal Energy Regulatory Commission (FERC). *Id.* at 659. The trial court denied the motion for summary judgment, ruling "that there was no affirmative act of Congress authorizing the FERC to grant immunity to RTOs from tort claims." *Id.* The RTO filed a notice of appeal with the Superior Court and the electrician filed a motion to quash the appeal, contending that the trial court's order denying summary judgment constituted an unappealable interlocutory order. *Id.* at 660. In denying the motion to quash, the Superior Court determined that the issue challenged in the trial court order satisfied the separability requirement under Rule 313, reasoning as follows:

---

[9] The term "tariff" is defined by the Federal Energy Regulatory Commission as "[a] compilation of all effective rate schedules of a particular company or utility," including "General Terms and Conditions along with a copy of each form of service agreement." *Tariff*, FERC: FEDERAL ENERGY REGULATORY COMMISSION, available at https://www.ferc.gov/about/what-ferc/about/glossary (last visited July 8, 2020).

> [T]he immunity granted [the RTO] under the [t]ariff is []
> factually distinct from the underlying negligence action . .
> . . To prove negligence appellees must show four
> elements: 1) a legal duty or obligation; 2) a breach of that
> duty; 3) a causal link between that breach and the injury
> alleged; and 4) actual damage or loss suffered by the
> claimant as a consequence. *Wright v. Eastman,* 63 A.3d
> 281, 284 (Pa. Super. 2013).  Immunity is factually distinct
> from the proof of any of these elements.  Immunity simply
> functions as an absolute defense to this cause of action
> regardless of the elements alleged or proven.  Thus,
> immunity is wholly separable from the underlying
> negligence action . . . .

*Yorty*, 79 A.3d at 662 (citing *Pridgen*).  Further, the Superior Court noted that "where the issue presented is a question of law as opposed to a question of fact, an appellant is entitled to review under the collateral order doctrine[.]"  *Id.* at 660 (stating, "if a question of fact is presented, appellate jurisdiction does not exist").

Similarly, here, the question of whether the Family Court is potentially subject to a waiver of immunity as a "Commonwealth party" under the Sovereign Immunity Act entails an analysis that is separable and distinct from the underlying negligence action.  *See Yorty*, 79 A.3d at 662.  Further, consideration of this issue centers on the terms of the Sovereign Immunity Act and does not necessitate a factual inquiry into the extent of the Family Court's liability.  *See Pridgen*, 905 A.2d at 424, 433 (holding that trial court's denial of summary judgment satisfied the separability requirement under Rule 313 where the issue of the applicability of a statute of repose under the federal General Aviation Revitalization Act of 1994

10

(GARA)[10] was "both conceptually and factually distinct from the merits of [the] underlying product liability causes of action," and "to resolve the legal claim presented, [the] appellate court's frame of reference [would] be centered on the terms of GARA," and "not on determinations of fact or the scope of [a]ppellants' liability in the first instance"). We, therefore, find that issue presented on appeal from the trial court's order denying summary judgment is separable from the underlying negligence action for purposes of Rule 313.[11]

In regards to the second requirement under Rule 313, the Family Court contends that the question of immunity in the instant case is too important to be denied review, because it implicates two constitutional issues—sovereign immunity and separation of powers. Family Court's Brief at 20 (citing *Shearer*, 177 A.3d at 858-59; *Russo*, 125 A.3d at 116). The Family Court thus asserts that "the instant case presents a serious and unsettled question of law deeply rooted in the infrastructure of government, and an issue that implicates a right deeply rooted in

---

[10] Pub. L. No. 103-298, 108 Stat. 1552 (1994), amended by Act of Pub. L. No. 105-102, § 3(e), 111 Stat. 2204, 2216 (1997).

[11] We acknowledge precedent from this Court indicating that a denial of summary judgment on the basis of immunity is not appealable under the collateral order doctrine. *See, e.g.*, *Bollinger*, 552 A.2d at 360 (holding that a trial court's order denying a public school's motion for summary judgment on the basis of statutory immunity was not separable from and collateral to the underlying negligence action, where factual issues remained regarding the applicability of the real property exception to immunity); *Gwiszcz v. City of Philadelphia*, 550 A.2d 880, 881-82 (Pa. Cmwlth. 1988) (concluding that a trial court's order denying a motion for summary judgment filed by the Department of Transportation, which contended that the plaintiff failed to state a claim within one of the exceptions to sovereign immunity contained in the Sovereign Immunity Act, did not constitute an appealable collateral order, where the question of whether the Department negligently failed to maintain the roadway was essential to the determination of liability). We note, however, that these cases are distinguishable, as the present matter does not turn on the applicability of a particular exception to immunity based on the particular facts of the case, but, rather, whether the exceptions to sovereign immunity enumerated in the Sovereign Immunity Act apply to the courts of the Unified Judicial System.

11

public policy beyond the present litigants, which outweighs any efficiency interest in discouraging piecemeal litigation." *Id.* at 19-20. Further, the Family Court maintains that courts should resolve questions regarding governmental immunity at the earliest possible stage of the proceedings to prevent the government from incurring unnecessary expense at the cost of taxpayers. *Id.* at 19.

"[T]he overarching principle governing 'importance' is that . . . an issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule." *Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999). Thus, "[i]n analyzing the importance prong, we weigh the interests implicated in the case against the costs of piecemeal litigation." *Id.* Further, "it is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Geniviva v. Frisk*, 725 A.2d 1209, 1213-14 (Pa. 1999).

We agree with the Family Court that the issue of immunity challenged on appeal from the trial court order denying summary judgment is of sufficient import to satisfy the second requirement under Rule 313. The question of whether the courts of the unified judicial system qualify as "Commonwealth parties" within the meaning of the Sovereign Immunity Act implicates public policy concerns that extend beyond the parties to the instant litigation, as its resolution will dictate whether a member of the general public may maintain a negligence action against the courts. *See Schwartz*, 729 A.2d at 552 (holding "that resolution of the issue of whether the investigative files of the Bureau [of Professional and Occupational Affairs] [were] subject to any executive or statutory privilege implicate[d] rights rooted in public policy, and impact[ed] individuals other than those involved in [the]

12

particular litigation"); *cf. Geniviva*, 725 A.2d at 1213-14 (concluding that a trial court order denying a motion to approve a settlement only implicated rights important to the parties to the settlement and did not involve broader public policy concerns). Further, this Court has held previously that interests involving immunity may be of sufficient import to satisfy the second aspect of a collateral order. *See Sylvan Heights Realty Partners, L.L.C. v. LaGrotta*, 940 A.2d 585, 588 (Pa. Cmwlth. 2008) (holding, in case involving an attempted interlocutory appeal from a motion for judgment on the pleadings filed by a member of the Pennsylvania House of Representatives on the basis of immunity under the Speech and Debate Clause of the Pennsylvania Constitution and the doctrine of official immunity, that the "right to assert immunity to suit [was] of sufficient importance to satisfy the second element of the collateral order doctrine"). Thus, we find that the rights implicated by the issue of immunity involved in the trial court's denial of summary judgment are sufficiently important to satisfy the second requirement under Rule 313.

As to the third prong of the collateral order doctrine, the Family Court contends that denying immediate review of the trial court order would cause it to suffer "irreparable loss" by expending public funds in order to defend against Brooks' negligence claim. Family Court's Brief at 21. The Family Court asserts that "[t]he failure to grant summary judgment on the basis of immunity, where, as here, no facts are in dispute, results in the considerable expenditure of time and expense of public funds which cannot be recouped in proceedings through an erroneous trial and inevitable successful appeal." *Id.*

With regard to the third element under the collateral order doctrine, "a claim will be 'irreparably lost' if review is postponed only if it can be shown the issue involved will not be able to be raised on appeal, if appeal is delayed." *Brophy*

13

*v. Phila. Gas Works & Phila. Facilities Mgmt. Corp.*, 921 A.2d 80, 87 (Pa. Cmwlth. 2007); *see also Kennedy*, 876 A.2d at 943 (emphasis added) (holding that "[a]n appeal from a collateral order may be taken as of right where . . . the *claim* will be irreparably lost") (emphasis added). Thus, "as to the third prong, we ask whether a right is 'adequately vindicable' or 'effectively reviewable.'" *Twp. of Worcester*, 129 A.3d at 55 (quoting *Geniviva*, 725 A.2d at 1213) (internal quotation marks omitted).

We disagree with the Family Court that denying immediate review of the trial court's order would cause "irreparable loss" for purposes of the third requirement under Rule 313. Here, the Family Court has asserted the affirmative defense of sovereign immunity. Although the trial court rejected the Family Court's assertion of immunity in denying its motion for summary judgment, the Family Court may nevertheless seek appellate review following final judgment. *See Sylvan Heights Realty Partners, L.L.C.*, 940 A.2d at 588-89 (holding that a trial court's denial of a motion for judgment on the pleadings did not constitute an appealable collateral order where, "[i]f the matter were to proceed to trial, the issues of [s]peech or [d]ebate immunity, and/or legislative immunity, affirmative defenses that were properly pled, would be subject to appellate review should [the defendant] not prevail" such that "[u]nder either scenario, the claim of immunity [would] not be 'irreparably lost'"); *cf. Schwartz*, 729 A.2d at 547 (holding that an order compelling the Bureau of Professional and Occupational Affairs to produce investigative files satisfied the third prong of the collateral order doctrine, where, "[i]n essence, the disclosure of documents cannot be undone," such that "there is no effective means of reviewing after a final judgment an order requiring the production of putatively protected material").

That the issue of immunity is framed as a question of law regarding whether the Family Court qualifies as a "Commonwealth party" within the meaning of the Sovereign Immunity Act, as opposed to whether a particular exception to immunity applies, does not preclude the Family Court's ability to obtain review of the trial court's resolution of this question in conjunction with an appeal from a final order. *See Aubrey v. Precision Airmotive LLC*, 7 A.3d 256, 263 (Pa. Super. 2010) (stating that "[a] question of law is necessary but not always sufficient to trigger collateral review"). This Court has noted previously that "an immunity defense does not, in and of itself, entitle a litigant to appellate review of an interlocutory order." *Gwiszcz*, 550 A.2d at 881; *see also Bollinger*, 552 A.2d at 363 n.5 (noting that even if a governmental entity is immune from suit under the Sovereign Immunity Act, "the mere possibility of an irreparable loss of [the] right [to avoid suit] does not in itself satisfy the collateral order doctrine"). Further, our conclusion that the rights implicated by the trial court's order are of sufficient import for purposes of the second prong of the collateral order doctrine does not frustrate our finding that the Family Court nevertheless fails to satisfy the third requirement. *See Sylvan Heights Realty Partners, L.L.C.*, 940 A.2d at 588 (concluding that, "[w]hile we believe that [the defendant's] right to assert immunity to suit is of sufficient importance to satisfy the second element of the collateral order doctrine, we do not believe . . . that [the defendant's] right to appellate review will be irreparably lost if review is denied at this juncture").

Moreover, our conclusion is consistent with precedent recognizing "that the collateral order doctrine is to be narrowly construed in order to buttress the final order doctrine, and by the recognition that a party may seek an interlocutory appeal by permission pursuant to [Pennsylvania Rule of Appellate Procedure] 312."

15

*Shearer*, 177 A.3d at 858 (noting that "as parties may seek allowance of appeal from an interlocutory order by permission, we have concluded that that discretionary process would be undermined by an overly permissive interpretation of Rule 313"). We, therefore, "construe the collateral order doctrine narrowly so as to avoid 'undue corrosion of the final order rule,' . . . and to prevent delay resulting from 'piecemeal review of trial court decisions.'" *Id.* (brackets omitted). "[I]t is more important to prevent the chaos inherent in bifurcated, trifurcated, and multifurcated appeals than it is to correct each mistake of a trial court the moment it occurs." *Id.* We therefore find that the Family Court fails to establish that the trial court's order satisfies the third requirement under Rule 313, because the Family Court's claim regarding immunity will not be irreparably lost if postponed until final judgment. *See* Pa.R.A.P. 313(b). Thus, we conclude that the trial court's July 3, 2018 order denying summary judgment does not constitute an appealable collateral order. *See Shearer*, 177 A.3d at 858 (noting that courts "require[] the appealing party to establish each of the three prongs of the collateral order test to ensure that Rule 313 has been satisfied").

Accordingly, because the Court lacks jurisdiction to entertain the Family Court's appeal, we quash the Family Court's notice of appeal from the July 3, 2018 order of the trial court.

_____
CHRISTINE FIZZANO CANNON, Judge

16

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Wanda Brooks | : |
| | : |
| v. | : |
| | : |
| Ewing Cole, Inc., d/b/a Ewing Cole | : |
| and City of Philadelphia and Family | : |
| Court of the Court of Common Pleas | : |
| of the First Judicial District Court | : |
| | : |
| Appeal of:  Family Court of the | : |
| Court of Common Pleas of the | :   Nos. 911 & 912 C.D. 2018 |
| First Judicial District | : |

# O R D E R


AND NOW, this 9th day of July, 2020, the notice of appeal filed by the Family Court of the Court of Common Pleas of the First Judicial District Court (Family Court) from the June 4, 2018 order of the Court of Common Pleas of Philadelphia County (trial court), is hereby stricken.  The Family Court's notice of appeal from the trial court's July 3, 2018 order denying the Family Court's motion for summary judgment is hereby quashed.


_____
CHRISTINE FIZZANO CANNON, Judge