# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent N. Melchiorre      :
       :
      v.       : No. 741 C.D. 2019
       : Argument: November 9, 2020
Simon Haileab and the Philadelphia  :
District Attorney's Office      :
       :
Appeal of: Simon Haileab      :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
          HONORABLE MICHAEL H. WOJCIK, Judge (P.)
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK               FILED: March 15, 2021

Former Assistant District Attorney (ADA) Simon Haileab (Haileab) appeals from the March 4, 2019 order of the Court of Common Pleas of Philadelphia County (trial court) overruling his preliminary objections (POs) to former Philadelphia County Court of Common Pleas Judge Vincent Melchiorre's (Melchiorre) claims of defamation, false light, and tortious interference. Upon review, we quash the appeal.

On March 19, 2018, Melchiorre filed a complaint in the trial court against Haileab and the Philadelphia District Attorney's Office (DA's Office). At the time of the events at issue, Melchiorre was a judge appointed to the trial court

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

and Haileab was an ADA. Melchiorre alleges that on March 6, 2017, he met with Haileab and defense counsel in chambers to discuss the continuance of a trial. Following that meeting, Haileab allegedly returned to the DA's Office and told a Senior ADA that Melchiorre had called the Senior ADA a derogatory and foul name.

Melchiorre alleges that Haileab made the allegation to deflect criticism by his supervisors for poor job performance. Melchiorre denies that he called the Senior ADA a derogatory name. Melchiorre alleges that as a result of Haileab's statements, the Senior ADA reported the statements to the DA's Office's Acting Chief Integrity Officer, who, in turn, reported the statements to the Deputy DA. According to the complaint, the Acting Chief Integrity Officer and the Deputy DA then reported the alleged statement to the Philadelphia Bar Association. Thereafter, the Philadelphia Bar Association downgraded its endorsement of Melchiorre for Judge from "recommended" to "not recommended." Due to the downgrade in the endorsement, Melchiorre alleges that he lost several other endorsements, resulting in his loss for a bid for Judge.

The complaint itself set forth causes of action against Haileab for defamation, placing Melchiorre in a false light, and tortious interference with contractual relations. The complaint also set forth the same claims against the DA's Office, and an additional claim alleging that it is vicariously liable for its employee's defamatory publications.

Importantly, the complaint made the following allegations, incorporated into each cause of action:

> 61. If [Haileab] was conditionally privileged in his publication of the defamatory statements, he abused it and/or it does not apply and/or the publications were made to unauthorized persons as aforesaid because he delivered and published the same solely for the purpose of causing

2

harm to [Melchiorre], and/or with malice, and/or willfully, wantonly and with a reckless indifference to the rights of [Melchiorre], and/or with improper motives, and/or with reckless disregard for the truth of the matter stated therein and/or with reckless disregard for [Melchiorre's] rights, and/or with gross negligence.

62. Moreover, for the reasons aforesaid, the publication made by [Haileab] was not made for the purpose for which a privilege would be given and the publication was made to a person and persons that were not reasonably believed to be necessary for the accomplishment of any purpose for which a privilege would be given.

63. For the reasons above stated, the publications made by [Haileab were] not entitled to high public official immunity for several reasons as stated above and because the statements made by him did not concern matters that he was litigating in the [DA's Office] and did not relate to a statement made to the public about cases in the office.

64. Moreover, the publications made by [Haileab] were not made within his or the other members of the [DA's] "Official Capacity" because the statements did not even in the slightest way concern the prosecutorial functions of the [DA's Office.]

Reproduced Record (R.R.) at 13a-14a.

Haileab and the DA's Office filed POs to the complaint. Haileab raised the defense of high public official immunity and absolute privilege for alleged defamatory statements made pursuant to a judicial proceeding. The DA's Office objected, arguing that the complaint failed to allege that it acted with actual malice when it reported the alleged statements and that it is entitled to immunity under the statute commonly referred to as the Political Subdivision Tort Claims Act, 42 Pa. C.S. §§8541-42. Together, Haileab and the DA's Office demurred to

Melchiorre's tortious interference claim on the basis that the complaint failed to identify any contract with which their alleged actions may have interfered, and that the complaint failed to allege a causal connection between the alleged defamatory statements and the loss of Melchiorre's judicial position. R.R. at 22a-28a.

The trial court sustained the DA's Office's POs, dismissing it from the case, but overruled Haileab's POs, stating that the facts in the complaint do not establish that Haileab is entitled to immunity. Rather, the trial court opined that "[it] may be that as the facts are developed through discovery, [Haileab] might establish that he is entitled to immunity from this claim, but, at this stage of the proceedings, we cannot so find with the degree of certainty necessary to sustain these preliminary objections." R.R. at 96a. Haileab sought reconsideration of the trial court's order and simultaneously filed a notice of appeal with the Superior Court and a motion for stay in the trial court. On March 26, 2019, the trial court denied Haileab's motions.[2] *Id.* at 111a.

Haileab, citing Pa. R.A.P. 313, argues that this Court has jurisdiction over his appeal because: (1) it is an appeal from a collateral order separate from the main cause of action because it can be resolved without reference to the substance of the underlying lawsuit; (2) the right involved is too important to be denied review because absolute immunity for high public officials is necessary because Haileab was acting in furtherance of some interest of social importance; and (3) if review is postponed until final judgment, the claim will be irreparably lost because Haileab's immunity can be determined on the face of the complaint.

---

[2] The Superior Court transferred the appeal to this Court. In a September 27, 2019 memorandum opinion and order, this Court denied Haileab's motion for a stay of the proceedings in the trial court.

4

Melchiorre argues that this Court lacks jurisdiction to consider this appeal because it is not an appeal from a collateral order as defined by Pa. R.A.P. 313. Citing *Sylvan Heights Realty Partners, LLC v. LaGrotta*, 940 A.2d 585, 588 (Pa. Cmwlth. 2008), Melchiorre argues that an order relating to absolute immunity is not a collateral order. Further, Melchiorre asserts that the right involved is not so important because immunity is normally pled in new matter and reserved for summary judgment.

Pa. R.A.P. 313(b) provides:

> (b) a collateral order is[: (1)] an order separable from and collateral to the main cause of action[; (2)] where the right involved is too important to be denied review and[; (3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

For an interlocutory order to be deemed to be a collateral order that is appealable, all three elements must be present. *See Fried v. Fried*, 501 A.2d 211, 214 (Pa. 1985). It is well settled that "an immunity defense does not, in and of itself, entitle a litigant to appellate review of an interlocutory order." *Gwiszcz v. City of Philadelphia*, 550 A.2d 880, 881 (Pa. Cmwlth. 1988).

Haileab's argument that the instant appeal meets all three criteria is unpersuasive. The denial of Haileab's POs asserting high public official immunity is not separable from the main cause of action. Melchiorre's complaint alleges specific conduct by Haileab that, if proven, would be outside the scope of his official duties as an ADA. With no factual development through discovery, it is premature for this Court to invoke the collateral order doctrine in an attempt to resolve the immunity question. *See Sylvan Heights Realty Partners, LLC*, 940 A.2d at 589-90 ("Therefore, at the very least, discovery must be undertaken, following which, [the

5

defendant] may prevail on a motion for summary judgment. If the matter was to proceed to trial, the issues of Speech or Debate immunity, and/or legislative immunity, affirmative defenses that were properly pled, would be subject to appellate review should [the defendant] not prevail. Under either scenario, the claim of immunity will not be 'irreparably lost.'"). Therefore, the trial court order is not an appealable collateral order.[3]

Accordingly, Haileab's appeal is quashed.

_____
MICHAEL H. WOJCIK, Judge

---

[3] Based upon our disposition of this claim, we will not consider the parties' remaining arguments on appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent N. Melchiorre          :
                                :
            v.             : No. 741 C.D. 2019
                                :
Simon Haileab and the Philadelphia :
District Attorney's Office       :
                                :
Appeal of: Simon Haileab     :

## **O R D E R**

AND NOW, this 15th day of March, 2021, the appeal of Simon Haileab from the March 4, 2019 order of the Court of Common Pleas of Philadelphia County is QUASHED.

_____
MICHAEL H. WOJCIK, Judge