**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000034**
**21-FEB-2019**
**07:51 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---


MARK H.K. GREER, Plaintiff-Appellee, v.
ROSALYN H. BAKER, Defendant-Appellant, and
STATE OF HAWAI'I, Defendant-Appellee, and
DOES 1-10, Defendants


NO. CAAP-15-0000034

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-2004-09)


FEBRUARY 21, 2019

FUJISE, PRESIDING JUDGE, LEONARD, REIFURTH, JJ.

OPINION OF THE COURT BY LEONARD, J.

Plaintiff-Appellee Mark H.K. Greer (**Greer**) filed a tort action, in the Circuit Court of the First Circuit (**Circuit Court**),[1] against Defendant-Appellant State of Hawai'i Senator Rosalyn H. Baker (**Senator Baker**).[2] Greer alleged that Senator Baker improperly used her position as Chair of the Senate Ways & Means Committee to eliminate his position as the (now former)

---

[1] The Honorable Rhonda A. Nishimura presided.

[2] Greer also sued Defendant-Appellee State of Hawai'i (**State**), but those claims, which remain pending, are not at issue in this appeal.

Chief of the General Medical & Preventive Services Division at the Hawaiʻi State Department of Health (**DOH**), due to his whistleblowing activities.

The issues before this court are whether Senator Baker is entitled to absolute legislative immunity for her allegedly tortious actions and, relatedly, whether the Circuit Court erred when it considered Senator Baker's alleged motive or intent when she proposed the budget legislation that abolished Greer's position. We hold that Senator Baker was entitled to absolute legislative immunity for actions taken in the exercise of her legislative functions, under article III, section 7, of the Hawaiʻi Constitution, and the Circuit Court erred in considering her alleged motivation for such actions. We vacate in part and remand.

I.   BACKGROUND

On September 23, 2014, Greer filed a non-vehicle tort complaint against Senator Baker. The Complaint alleged that: (1) Senator Baker introduced a budget amendment to eliminate Greer's position in retaliation for his whistleblower activities regarding alleged Medicaid fraud; and (2) Senator Baker colluded with the head of DOH to have Baker fired. The Complaint included three claims for relief: (1) Count I, which alleged that Senator Baker violated the Hawaiʻi Whistleblower Protection Act, Hawaii Revised Statutes (**HRS**) §§ 378-61 to 378-70 (2015) (**HWPA**); (2) Count II, which alleged intentional infliction of emotional distress (**IIED**); and (3) Count III, which alleged negligent infliction of emotional distress (**NIED**).

Senator Baker filed a motion to dismiss the Complaint, primarily on the ground that she is immune from suit based on legislative immunity. Senator Baker also argued that the HWPA claim should be dismissed based on the applicable statute of limitations and because she was not Greer's employer. Senator Baker further argued that the IIED and NIED claims should be dismissed based on the applicable statute of limitations and the lack of an underlying cognizable claim.

After a November 26, 2014 hearing, on December 24, 2014, the Circuit Court entered an order granting in part and denying in part Senator Baker's motion to dismiss the complaint (**Order re Dismissal**). In the Order re Dismissal, the Circuit Court granted Senator Baker's motion as to Counts I and III, and denied the motion as to Count II. As relevant to Senator Baker's motion, in the Order re Dismissal the Circuit Court: (1) rejected Senator Baker's claim of legislative immunity; (2) dismissed Count I against Senator Baker because she was not Greer's employer; and (3) dismissed Count III against Senator Baker, apparently because Greer failed to allege an underlying cognizable claim against Senator Baker.

Senator Baker then filed, *inter alia*, a notice of appeal from the Order re Dismissal. After this court initially dismissed the appeal for lack of appellate jurisdiction,[3] the Hawaiʻi Supreme Court concluded that the Intermediate Court of Appeals (**ICA**) has jurisdiction to hear Senator Baker's appeal as

---

[3] See Greer v. Baker, No. CAAP-15-0000034, 2015 WL 3385890 (App. May 26, 2015), Leonard, J., dissenting (**Greer v. Baker I**).

an immediately appealable collateral order. Greer v. Baker, 137 Hawaiʻi 249, 258, 369 P.3d 832, 841 (2016) (**Greer v. Baker II**). The supreme court held that "[t]he denial of Baker's absolute legislative immunity claim conclusively determined the disputed question, resolved an important issue separate from the merits of the action, and would be effectively unreviewable on appeal," and remanded the case to the ICA for a determination of Senator Baker's appeal on the merits. Id. at 251, 369 P.3d at 834 (citation omitted).

II. POINT OF ERROR ON APPEAL

Senator Baker raises a single point of error. In her Opening Brief, Senator Baker framed her point as follows: "The circuit court erred when it denied Senator Baker absolute legislative immunity considering Senator Baker's subjective intent in performing a quintessential legislative act in determining whether legislative immunity applies." In her Amended Opening Brief, which was filed after the supreme court's remand of this case to the ICA, Senator Baker restated her point of error as follows: "The circuit court erred when it considered Senator Baker's motive or intent in performing a legislative function in deciding whether absolute legislative immunity applies."

III. APPLICABLE STANDARDS OF REVIEW

We will review the Circuit Court's denial of legislative immunity de novo. See, e.g., Kaahumanu v. County of Maui, 315 F.3d 1215, 1219 (9th Cir. 2003).

> A circuit court's ruling on a motion to dismiss is reviewed de novo.

4

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. [The appellate court] must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing [a] circuit court's order dismissing [a] complaint . . . [the appellate court's] consideration is strictly limited to the allegations of the complaint, and [the appellate court] must deem those allegations to be true.

County of Kaua'i v. Baptiste, 115 Hawai'i 15, 24, 165 P.3d 916, 925 (2007) (citations omitted).

IV. DISCUSSION

"It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 46 (1998). Legislative immunity has long been recognized in Anglo-American law, and is rooted in "the Parliamentary struggles of the Sixteenth and Seventeenth Centuries." Id. at 48-49 (citation omitted). If a state legislator is corrupt "he may be impeached or indicted but the law will not tolerate an action to redress the individual wrong which may have been done." Id. at 50 (citation omitted).

The Hawai'i State Constitution enshrines legislative immunity. "No member of the legislature shall be held to answer before any other tribunal for any statement made or action taken in the exercise of the member's legislative functions[.]" Haw. Const. art. III, § 7. In construing this provision, the Hawai'i Supreme Court has held:

> [The] record of the proceedings of the Constitutional Convention shows that the delegates to the Convention purposefully intended to broaden the scope of the legislative immunity and further intended for the courts to

5

finally determine the parameter of the legislative immunity by construing the clause "the exercise of his [or her] (legislator's) legislative function" on a case by case basis. The delegates did not place any restrictions premised on time and place of a legislator's exercise of his [or her] legislative function.

Abercrombie v. McClung, 55 Haw. 595, 600, 525 P.2d 594, 597 (1974).

This case comes before this court on the Circuit Court's ruling on a motion to dismiss the Complaint. Therefore, our consideration is strictly limited to the allegations of the Complaint, and we must deem those allegations to be true. Baptiste, 115 Hawai'i at 24, 165 P.3d at 925.

As stated above, Greer alleged two sets of actions by Senator Baker, which are stated in paragraphs 15 and 18 of the Complaint, as follows:

> 15. In retaliation for GREER's whistleblowing activities, and in order to prevent more whistleblowing, **BAKER attempted to have GREER fired by using her power as Chair of the Senate Ways & Means Committee to eliminate his position from the 2008 state appropriations budget.** She did so by duplicitously representing to the Senate that her amendment did not impact or eliminate any filled State positions.
>
> . . . .
>
> 18. **BAKER finally eliminated GREER** in retaliation for his whistleblowing activities **by colluding with the new Director of [DOH], Loretta J. Fuddy ("Fuddy"), now deceased.** On August 24, 2011, Fuddy announced that two positions would be eliminated from [DOH], GREER and his Secretary, Caroline Albano.

(Emphasis added).

In Greer v. Baker II, the supreme court held:

> Absolute legislative immunity is available to Baker if her action was taken in the exercise of [her] legislative functions[.] Haw. Const. art. III, § 7. Whether an act is legislative generally turns on the nature of the act itself, rather than on the motive or intent of the official performing it. Bogan v. Scott-Harris, 523 U.S. 44, 45, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998). That determination would be separate from a decision on the merits of a[n] . . . IIED claim. See . . . Young v. Allstate Ins., Co., 119 Hawai'i

403, 429, 198 P.3d 666, 692 (2008) (describing the elements of an IIED claim).[4]

137 Hawaiʻi at 255, 369 P.3d at 838 (internal quotation marks omitted).

With respect to the actions alleged in paragraph 15 of the Complaint, we conclude that Senator Baker is entitled to absolute legislative immunity because Senator Baker's actions, as Chair of the Senate Ways & Means Committee, of and related to introducing and voting on budget legislation, were undertaken in the exercise of her legislative functions. See, e.g., Bogan, 523 U.S. at 55-56. In Bogan, the plaintiff filed suit alleging that the elimination of her position "was motivated by racial animus and a desire to retaliate against her for exercising her First Amendment rights." Id. at 47. The Supreme Court reversed a court of appeals decision upholding a judgment against the defendant, stating:

> Respondent, however, asks us to look beyond petitioners' formal actions to consider whether the ordinance was legislative in *substance*. We need not determine whether the formally legislative character of petitioners' actions is alone sufficient to entitle petitioners to legislative immunity, because here the ordinance, in substance, bore all the hallmarks of traditional legislation. The ordinance reflected a discretionary, policymaking decision implicating the budgetary priorities of the city and the services the city provides to its constituents. Moreover, it involved the termination of a position, which, unlike the hiring or firing of a particular employee, may have prospective implications that reach well beyond the particular occupant of the office. And the city council, in eliminating DHHS, certainly governed in a field where legislators traditionally have power to act. Thus, petitioners' activities were undoubtedly legislative.

Id. at 55-56 (citation and internal quotation marks omitted).

---

[4] "[T]he tort of IIED consists of four elements: 1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another." Young, 119 Hawaiʻi at 429, 198 P.3d at 692 (citation and internal quotation marks omitted).

Here, regardless of Senator Baker's possible subjective intentions or motives, the exercise of her powers as Chair of the Senate Ways & Means Committee was undoubtedly legislative and thus entitled to immunity from suit. See id.

The actions alleged in paragraph 18 of the Complaint simply assert that Senator Baker eliminated Greer by colluding with Fuddy. We disregard any intentions or motives for Senator Baker's alleged actions in paragraph 18. Nevertheless, we must view the allegations in paragraph 18 in a light most favorable to Greer. Baptiste, 115 Hawai'i at 24, 165 P.3d at 925. Although there may be alternative grounds for the dismissal of this claim for relief, we cannot conclude from the face of the Complaint that Senator Baker's alleged actions were undertaken in her legislative capacity. If, as Senator Baker argues on remand to this court, the alleged collusion itself relates to the elimination of Greer's position through budget legislation, then such actions would be entitled to absolute legislative immunity as well. However, that determination cannot be made based on the record that is currently before us.

Accordingly, we conclude that the Circuit Court erred in failing to dismiss Count II to the extent that Count II arises out of paragraph 15 of the Complaint, based on Senator Baker's absolute legislative immunity. We cannot conclude, based on the record on appeal, that the Circuit Court erred in failing to dismiss Count II to the extent that Count II arises out of paragraph 18 of the Complaint, based on Senator Baker's absolute legislative immunity.

V.    CONCLUSION

With respect to the issue of Senator Baker's absolute legislative immunity from the claim stated in Count II of Greer's Complaint, the Circuit Court's December 24, 2014 Order re Dismissal is affirmed in part and vacated in part, as set forth above.  This case is remanded to the Circuit Court for further proceedings consistent with this Opinion.

On the brief:

James E. Halvorson,
Maria C. Cook,
Deputy Attorneys General,
State of Hawai'i,
for Defendant-Appellant.