Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000458
25-SEP-2020
09:11 AM

NO. CAAP-20-0000458

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DANE S. FIELD, TRUSTEE OF THE BANKRUPTCY ESTATE OF
ALOHA SPORTS INC., Plaintiff-Appellant, v.
THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
an unincorporated association, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC061001832)

ORDER GRANTING MOTION TO DISMISS
(By: Chan, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Upon consideration of the motion to dismiss appeal filed by Defendant-Appellee National Collegiate Athletic Association (**NCAA**) on August 29, 2020 (**Motion to Dismiss**); the memorandum in opposition filed by Plaintiff-Appellant Dane S. Field, Trustee of the Bankruptcy Estate of Aloha Sports, Inc. (**Field**) on September 18, 2020; and the record; it appears we lack jurisdiction over Field's appeal from the First Circuit Court's June 16, 2020 order granting the NCAA's motion to exclude Field's expert witness (**Interlocutory Order**), because no final judgment has been entered by the circuit court and none of the exceptions to the final judgment requirement apply.

A party cannot obtain appellate review of a trial court's interlocutory orders in a civil case under Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), until the trial court has reduced its dispositive rulings to an appealable, final judgment

under Rule 58 of the Hawaiʻi Rules of Civil Procedure (**HRCP**). See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]").  "[B]ased on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment."  Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008) (emphasis added).  The circuit court has not resolved all claims against all parties and has not yet entered an appealable final judgment.

Further, the Interlocutory Order does not satisfy any of the exceptions to the final judgment requirement.  It is not a collateral order under the collateral order doctrine.  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016).  It does not allow immediate execution against an interest in real property under the Forgay doctrine.  Id.  The circuit court has not allowed an interlocutory appeal under HRS § 641-1(b).

Therefore, IT IS HEREBY ORDERED that the Motion to Dismiss is granted, and the appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, September 25, 2020.

/s/ Derrick H.M. Chan
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge