# NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000042
16-APR-2021
10:49 AM
Dkt. 30 OGMD**

NO. CAAP-21-0000042

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

EDMUND M. ABORDO, Plaintiff-Counterclaim Defendant/Appellant,
v. ISLAND INSURANCE HAWAII COMPANY, CALVIN MATSUSHIMA
Defendants-Appellees, and ENTERPRISE RENT-A-CAR,
JULIE STEPHENSON, Defendants-Counterclaimants/Appellees

ENTERPRISE RENT-A-CAR, JULIE STEPHENSON,
Third-Party Plaintiffs-Appellees, v.
YURIE YAMANO, Third-Party Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC191000393)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Upon consideration of the March 25, 2021 Motion for Order of Dismissal (**Motion**) by Defendants-Appellees Island Insurance Hawaii Company and Calvin Matsushima, the papers in support, the response by self-represented Plaintiff-Counterclaim Defendant/Appellant Edmund M. Abordo (**Abordo**), and the record, it appears we lack appellate jurisdiction over Abordo's appeal from the Circuit Court of the First Circuit's (**circuit court**) January 5, 2021 "Order Denying [Abordo's] Motion for Summary Judgment Against [Defendant-Counterclaimant-Third-Party Plaintiff/Appellee] Enterprise Rent-A-Car [(**Enterprise**)], Filed October 27, 2020," (**Order Denying MSJ Against Enterprise**), in Civil No. 1CC191000393, because the circuit court has not entered a final, appealable judgment. Abordo's claims against Enterprise and Defendant-Counterclaimant-Third-Party Plaintiff/Appellee Julie Stephenson remain pending.

An aggrieved party typically cannot obtain appellate review of a circuit court's interlocutory orders in a civil case, under Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), until the circuit court has reduced its dispositive rulings to an appealable, final judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 58.  Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" ).  Here, the circuit court has not entered a final judgment.

Further, the Order Denying MSJ Against Enterprise does not fall within an exception to the final-judgment rule under the Forgay doctrine, the collateral-order doctrine, or HRS § 641-1(b) (2016).  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (reciting the requirements for appeals under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (requirements for leave to file an interlocutory appeal).

Therefore, IT IS HEREBY ORDERED that the Motion is granted and the appeal is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed as moot.

DATED:  Honolulu, Hawaiʻi, April 16, 2021.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge