# NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000770**
**30-APR-2021**
**09:45 AM**
**Dkt. 32 OGMD**

NO. CAAP-20-0000770

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-
BACKED PASS-THROUGH CERTIFICATES SERIES 2007-AHL3,
Plaintiff/Counterclaim Defendant-Appellee, v.
PHYLLIS KEHAULANI DUNCAN CHUN; Defendant/Counterclaim
Plaintiff-Appellant, and ARROW FINANCIAL SERVICES, LLC;
Defendant-Appellee, and JOHN and MARY DOES 1-20;
DOE PARTNERSHIPS, CORPORATIONS, OR OTHER ENTITIES 1-20,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC141002192)

ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon consideration of the Motion to Dismiss Appeal (**Motion**), filed March 29, 2021, by Plaintiff/Counterclaim Defendant-Appellee U.S. Bank National Association, the papers in support, and self-represented Defendant/Counterclaim Plaintiff-Appellant Phyllis Kehaulani Duncan Chun's (**Chun**) opposition filed April 6, 2021,[1] and the record, it appears we lack appellate jurisdiction over Chun's appeal from the Circuit Court of the First Circuit's (**circuit court**) interlocutory December 17, 2020 "Order Denying [Chun's] Motion for Summary Judgment" (**Order**), in Civil No. 1CC141002192, because the circuit court has not entered a final, appealable judgment.

---

[1] Chun's opposition was filed a day late. <u>See</u> Hawai'i Rules of Appellate Procedure Rules 26(a) & 27(a).

An aggrieved party typically cannot obtain appellate review of a circuit court's interlocutory orders in a civil case, under Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), until the circuit court has reduced its dispositive rulings to an appealable, final judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 58.  See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) ("An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]").  In foreclosure cases, appellate jurisdiction over appeals is further defined by HRS § 667-51 (2016), which provides for appellate jurisdiction over, inter alia, a judgment on a decree of foreclosure.  See Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 371, 390 P.3d 1248, 1258 (2017).  Here, the circuit court has not entered a final, appealable judgment under HRS §§ 641-1(a) or 667-51.

Further, the Order does not satisfy the requirements for an exception to the final-judgment requirement as a prerequisite for an appeal under the collateral-order doctrine, the Forgay doctrine, or HRS § 641-1(b) (2016).  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (reciting the requirements for appeals under the collateral-order doctrine and the Forgay doctrine); HRS § 641-1(b) (requirements for leave to file an interlocutory appeal).

Therefore, IT IS HEREBY ORDERED that the Motion is granted and this appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, April 30, 2021.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

2