**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000408
31-MAY-2022
07:55 AM
Dkt. 103 ODSLJ**

NO. CAAP-21-0000408

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE MAXIMO P. ESTEBAN TRUST
DATED MAY 20, 1993

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1TR121000204)

ORDER
(By:  Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Petitioners-Appellants **Jean** Esteban and **Veronica** Esteban's appeal from the Circuit Court of the First Circuit's "Order Granting in Part and Denying Part Remainder of 'Petition for Stay Order'; to Remove Trustee; Liens; Hold the Funds and Place into the Maximo P. Esteban Estate; Compel Discovery of the P. No. 97-0596 Filed August 24, 2020," and "Order Granting Remainder of Petition for Authority to Distribute the Deposit Sum of $146,083.52, and to Sell Real Property, Filed August 6, 2020" (collectively, **Orders**), both filed on June 9, 2021, because the circuit court has not entered a final, appealable judgment, and the Orders are not independently appealable.

An aggrieved party cannot obtain appellate review of a circuit court's interlocutory orders in a civil case, under Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), until the

circuit court has reduced its dispositive rulings to an appealable, final judgment under Hawaiʻi Rules of Civil Procedure Rule 58.  Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  Here, the circuit court has not entered a final, appealable judgment.

Further, the Orders do not satisfy the requirements for appealability under the collateral-order doctrine or HRS § 641-1(b).  See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (reciting the requirements for appeals under the collateral-order doctrine); HRS § 641-1(b) (2016) (reciting the requirements for leave to file an interlocutory appeal).

In addition, the Order is not independently appealable under the Forgay doctrine because it does not confirm the sale of the subject property (**Property**), direct the immediate distribution of sale proceeds, or direct Veronica to surrender her interest in the Property immediately.  See Greer, 137 Hawaiʻi at 253, 369 P.3d at 836 (reciting the requirements for appeals under the Forgay doctrine).

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, May 31, 2022.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge